# Howland, Appellant, *v.* Home Insurance Company of New York.

*Judgment—Opening judgment—Service on an insurance company—Ignorance of suit by officers—Discretion.*

Where a judgment has been entered for want of an appearance and affidavit of defense against an insurance company served through the insurance commissioner of the Commonwealth, such judgment will be opened where the defendant shows to the court a good defense upon the merits, and further shows that the insurance

commissioner had duly forwarded the summons to the home office of the company, that when the summons reached the office it was improperly filed and mislaid by a clerk, and that no knowledge of it came to the officers of the company until after an execution had been issued. In such a case the court cannot be convicted of an abuse of discretion in opening the judgment.

Argued March 13, 1917. Appeal, No. 6, Feb. T., 1917, by plaintiff, from order of C. P. Tioga Co., Jan. T., 1915, No. 113, making absolute rule to open judgment in case of F. T. Howland v. Home Insurance Company of New York. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment.

CAMERON, P. J., filed the following opinion:

The above action was brought on a policy of insurance covering an automobile, machinery and equipments.

Judgment was entered against the defendant on motion of C. H. Ashton, March 1, 1915, for $1,028.66 for want of appearance or affidavit of defense.

An execution was issued thereon the same day.

The summons was returnable the 4th Monday of February, 1915, and was served on Charles Johnson, insurance commissioner, at Harrisburg, January 20, 1915.

On the 20th of March the defendant by its secretary, whose duty it was to act in this behalf, made an affidavit setting forth that the defendant "Has a full, true, just, equitable and legal defense to the action, and that it is not in any way indebted to the plaintiff in any sum whatever by or under the terms of the contract of insurance upon which the action was brought."

That an appearance and affidavit of defense was not filed because none of the officers of the defendant company, nor any person acting for the defendant, knew that an action had been commenced, or was pending, until the execution was issued.

That the summons served was improperly filed and

278 HOWLAND, Appellant, *v.* HOME INS. CO. OF N. Y.

Opinion of Court below—Assignment of Error. [67 Pa. Superior Ct.

mislaid by a clerk in the home office. That the default was caused by the mistake of the clerk and the improper filing aforesaid.

The affidavit was filed in this court on April 1, 1915. It averred other specific items, all set forth in the affidavit which if sustained by evidence would defeat a recovery.

The prayer was for a rule to show cause why judgment should not be opened and the defendant let into a defense.

On same day rule was granted as prayed for.

At the hearing the evidence sustained the material allegations set forth in the affidavit.

Mr. McCallup, the adjuster for the defendant, testified that the officers had no notice of the action until the 6th of March, when the sheriff of Tioga County notified the company that he had an execution in the above case.

Other witnesses testified that certain parts of the car were in good condition after the fire, and that they were taken away by persons other than the plaintiff, and that the car was in fact abandoned.

Another witness testified that a new car of the make of the car burned could be bought from the Buick Company for $600.00.

We deem it our duty under all the circumstances in this case to open the judgment as prayed for.

And now, December 23, 1915, the rule to show cause why the above judgment should not be opened and the defendant let into a defense is made absolute and judgment opened.

*Error assigned* was the order of the court making absolute rule to open judgment.

*Chester H. Ashton,* for appellant.

*Paul J. Edwards* and *Andrew B. Dunsmore,* for appellee.

OPINION BY PORTER, J., July 13, 1917:

This is an appeal from a decree of the court below making absolute a rule to show cause why a judgment should not be opened. The judgment had been entered in default of an appearance and affidavit of defense. The defendant, being a foreign corporation doing business in the State of Pennsylvania, the summons had been served upon the Insurance Commissioner of the Commonwealth, in accordance with the provisions of the statutes, and the defendant not having entered an appearance and filed an affidavit of defense judgment was, after the return day, entered against the defendant for default, and an execution issued. A few days afterwards the defendant filed a petition and affidavit admitting that the summons had been served upon the insurance commissioner and that notice thereof had been by that officer sent to the home office of the company in the City of New York. It averred that the notice sent by the insurance commissioner had been improperly filed and mislaid by a clerk in the home office of the company and that the officers of the company had no notice of the bringing of the action until after the execution had been issued. The affidavit filed by the defendant, if true, clearly established that the appellee had a good defense against the greater part of plaintiff's claim. The court granted a rule to show cause why the judgment should not be opened and the defendant let into a defense. The plaintiff filed an answer denying the facts set up as a defense and averred that the records of the insurance department of the State of Pennsylvania show that the officers of the defendant company "had ample notice and that the summons was received at the home office in New York." Testimony was taken upon the rule by the court. The defendant produced a number of witnesses, who were cross-examined by counsel for plaintiff, and their testimony fully corroborated the allegation of the defendant as to its defense to the action. This testimony is reviewed in the opinion of the learned judge of the court below, which will be included

in the report of this case. The court made the rule absolute and the plaintiff appeals.

The learned counsel for the appellant does not contend that the affidavit filed did not set up a sufficient defense to the action. His contention is that the court abused its discretion in finding that the officers of the defendant company did not have actual notice of the pendency of the action and were not guilty of intentional delay in filing an affidavit. There is no doubt that the defendant was summoned in the manner provided by law. The insurance commissioner was served and he transmitted the notice to the home office of the company. The record was regular and the judgment could not have been stricken off. The question which the court below was called upon to consider was not whether there had been a legal service, but did the officers of the company have actual knowledge that the summons had been issued and served upon the insurance commissioner. The petition of the defendant admitted that the insurance commissioner had forwarded the summons to the home office of the company and that it had reached that office. The petition did, however, distinctly aver that when the summons reached the office of the defendant company it was improperly filed and mislaid by a clerk and that no knowledge of it came to the officers of the company until after the execution had been issued. This averment the answer of the plaintiff to the rule did not distinctly deny, nor did it state any fact from which actual notice to the officers of the company could be inferred, save only that the summons had reached the home office. The court below, upon the facts presented, ought not to be convicted of an abuse of discretion.

The order of the court below is affirmed and the appeal dismissed at costs of the appellant, and the record is remitted with a procedendo.