# Neff, Appellant, *v.* Seidman.

*Sheriff's interpleader—Rule to open judgment of non pros—Discretion of court.*

A petition to open a judgment of non pros, entered because of failure of plaintiff in sheriff's interpleader to file a statement of claim and bond, is addressed to the sound discretion of the court, and a refusal of the same will not be reversed except upon proof of abuse of such discretion.

Argued December 5, 1922. Appeal, No. 277, Oct. T., 1922, by plaintiff, from order of Municipal Court of Phila. Co., July T., 1921, No. 734, discharging rule to open judgment and permit claimant to file a statement of claim and bond in the case of Florence J. Neff v. Harry Seidman. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why judgment of non pros should not be opened and plaintiff permitted to file a statement of claim and bond. Before MACNEILLE, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Edwin Fischer*, of *Rose & Fischer*, for appellant.

*M.- Korn*, for appellee.

OPINION BY GAWTHROP, J., March 2, 1923:

This was a proceeding under the Sheriff's Interpleader Act of May 26, 1897, P. L. 95. The appeal is from two orders, the first being an order dismissing a rule to show cause why a judgment of non pros should not be opened and the plaintiff permitted to file a statement of claim and bond; the second being an order making absolute a rule to show cause why the sheriff should not sell the property levied upon by virtue of an execution issued against the plaintiff's property. The defendant secured a verdict and judgment against the plaintiff's husband on December 9, 1921. On December 24, 1921, a fi. fa. was issued upon this judgment, by virtue of which a levy was made upon the plaintiff's premises consisting principally of the contents of a drug store at the corner of 24th and Moore streets, Philadelphia. The wife of the defendant in the execution, the present plaintiff, claimed the goods levied upon as her property and, pursuant thereto on January 24, 1922, the sheriff filed his rule for an interpleader, which was made absolute on February 1, 1922. The claimant failed to file a statement of claim and bond and by reason thereof the judgment of non pros was entered on February 20, 1922. On February 21, 1922, the rule of the plaintiff in the execution for leave to proceed with the sheriff's sale was granted, to which an answer was filed by the present plaintiff on February 25, 1922, alleging that negotiations for settlement had been pending between her and the plaintiff in the execution, and that the plaintiff in the execution had promised to take no further action, pending the negotiations. Subsequently on March 6, 1922, the claimant, the present plaintiff, took a rule for leave to file a statement of claim and bond and to open and set aside the judgment of non pros for the reasons set forth in the answer to the rule to proceed with the sheriff's sale. An answer was filed denying the claimant's averments. Depositions were taken under both rules. The court below, in an opinion fully vindicating his action, discharged the

claimant's rule and made absolute the rule on the sheriff to proceed with the execution.

Our inquiry is confined to the question whether the discretion vested in the court below has been abused: Waring Bros. v. Pa. Railroad Co., 176 Pa. 172; Stewart v. Phila., 240 Pa. 569; Insurance Co. v. Clinger, 10 Pa. Superior Ct. 93, and Rasp v. Rasp, 79 Pa. Superior Ct. 29. As this court said in Colquhoun v. General Flooring Co., 62 Pa. Superior Ct. 85, "This was an equitable proceeding, addressed to the sound discretion of the court below. On an appeal from a refusal to open, the question to be decided is, whether that discretion was properly exercised: Mullet v. Hensel, 7 Pa. Superior Ct. 524. This has been so universally accepted as the law that it is not necessary to cite additional authorities." We might add, however, that we have made a careful examination of the entire record and the depositions and agree with the conclusion of the court below that the evidence does not sustain the contention of the claimant that at the time of the entry of the judgment of non pros, there were negotiations for settlement pending, and that the plaintiff had promised to take no action in the premises. We think the evidence fully justifies the conclusion of the lower court that the claimant's default is not attributable in any way to any statements, actions or conduct of the plaintiff. We are of opinion that the claimant showed no reason for her failure to comply with section 11 of the Interpleader Act requiring the filing of a bond and statement of title within two weeks after the sheriff's rule for an issue was made absolute, and that the action of the court below was correct.

All of the assignments of error are overruled, and the orders are affirmed.