# Robert Baile Company, Inc., Appellant, *v.* Stong and Stong.

*Contracts —Practice —Affidavit of defense —Opening judgment entered by default—Discretion of court.*

Where a defendant swore to an affidavit of defense within the required period of fifteen days after service of plaintiffs' statement and the affidavit raised a pure question of fact, there was no abuse of discretion on the part of the court in opening the judgment

which had been entered by default, because of failure on the part of defendant's attorney or the prothonotary to file said affidavit of defense.  It was also proper under such circumstances to permit an affidavit of defense to be filed, nunc pro tunc.

Relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown upon the merits.

Argued October 31, 1924.   Appeal, No. 191, Oct. T., 1924, by plaintiff, from order and decree of the Municipal Court of Philadelphia, May T., 1923, No. 694, permitting defendants to file an affidavit of defense nunc pro tunc, in the case of Robert Baile Company, Incorporated, v. Charles L. Stong and Jane Stong.   Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit for work and labor done and materials furnished.   Before CRANE, J.

Rule to open judgment and permit the filing of an affidavit of defense.

The opinion of the Superior Court states the case.

The court made absolute the rule.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*Charles Kuni, Jr.,* for appellant.

*Pierce Archer, Jr.,* for appellee.

OPINION BY KELLER, J., December 12, 1924:

Taking the facts in this case most strongly against the appellees, it appears from the record that on December 1, 1923, less than fifteen days after the service of plaintiff's statement, the defendant, Charles L. Stong, on behalf of himself and his codefendant signed and swore to an affidavit of defense, which set up a valid defense to the plaintiff's claim; it alleged that the plaintiff had

contracted to do all the work declared upon in the statement for the sum of twenty dollars, which amount defendants had paid on December 6, 1921, and which plaintiff, in its statement, admitted having received. The issue, whether the work was done on a quantum meruit basis or for a fixed contract price, was peculiarly, one of fact.

Through an oversight of defendant's counsel, or of a clerk in the municipal court, explained in the petition, the affidavit was not filed in the prothonotary's office until December 5, 1923, and judgment for want of an affidavit of defense seems to have been already entered on that day.

Under this state of facts, the rule laid down in Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 444, seems particularly applicable: "It is well settled in Pennsylvania, that relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown upon the merits." See also: Public Ledger Co. v. Kleinman, 75 Pa. Superior Ct. 345; Cinnaminson Park Co. v. Laws, 63 Pa. Superior Ct. 189.

We find no abuse of discretion in the action of the court below opening the judgment and permitting the affidavit of defense to be filed nunc pro tunc.

The order is affirmed.