## Remick, Appellant, *v.* Letterle.

*Judgments—Judgment for want of an appearance—Opening.*

The settled practice is that if a defendant in a judgment entered for want of an appearance comes forward in a reasonable time, puts in a sufficient affidavit of defense and makes a proper excuse for his non-appearance, the court will open the judgment and let him into a defense and thus afford him the constitutional right of trial by jury.

Where the defendant literally obeyed the mandate of its writ and appeared before the Clerk of the Court in person on the return day, and also has a good defense if proven, the court will not be held to have abused its discretion in opening the judgment.

Argued October 6, 1926.   Appeal No. 219, October T., 1925, by plaintiff, from judgment of Municipal Court of Philadelphia County, April T., 1925, No. 47, in the case of Emma Remick v. Charles E. Letterle. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Rule to open judgment entered for want of an appearance.   Before CASSIDY, J.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute.   Plaintiff appealed.

*Error assigned,* was the order of the court.

*Isabel Drummond,* for appellant.

*H. Walter Geuther,* and with him *Walter J. Klenk,* for appellee.

OPINION BY TREXLER, J., December 10, 1926:

Judgment was entered against the defendant for want of an appearance.   Soon after he learned of the existence of the judgment, he presented his petition to open.   The court granted a rule on plaintiff and after answer filed, made it absolute.

The settled practice is that if a defendant in a judgment entered for want of an appearance comes forward in a reasonable time, puts in a sufficient affidavit of defense and makes a proper excuse for his non-appearance, the court will open the judgment and let him into a defense and thus afford him the constitutional right of trial by jury. See cases cited in 10 P. & L. Digest, 15990-15892.

We would not reverse the lower court unless there were a plain case of abuse of discretion. The judge of the Municipal Court who opened the judgment gave his reasons for his action: (1) The defendant literally following the mandate of the writ, appeared on the return day in person before the Clerk of the Court. This assertion in his petition was not properly denied in the answer filed by the plaintiff. (2) The plaintiff's statement is defective in that it consists of lumping charges. (3) The affidavit presented by the defendant discloses facts which if believed by the jury will result in a verdict in his favor.

We are all of the opinion that the lower court did not err in affording the defendant the opportunity of going to trial.

The order, making absolute the rule to open the judgment, is affirmed.