## McDevitt, Appellant, v. Teague.

*Judgment—Opening judgment—Service at office—Ignorance of suit.*

A judgment entered for want of an affidavit of defense is properly opened, where the defendant shows to the court a good defense upon the merits and further shows that the summons served at his office had been improperly filed and mislaid by the clerk; that no notice had come to him of the service of the summons until after the judgment had been entered; and that upon receiving notice of the judgment he promptly presented his petition for relief.

Argued December 9, 1926. Appeal No. 298, October T., 1926, by plaintiff, from judgment of C. P. Delaware County, June T., 1926, No. 359, in the case of James S. McDevitt v. Theopholis Teague. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment. Before FRONEFIELD, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned,* was the order of the court.

*John E. McDonough,* for appellant.

*Ellwood J. Turner,* for appellee.

PER CURIAM, December 15, 1926:

This is an appeal by the plaintiff from an order of the court below opening a judgment entered for want of an affidavit of defense, and letting the defendant into a defense on the merits. The action was in assumpsit and the summons was issued on June 21, 1926; the sheriff returned that he had served the writ on June 22, 1926, by handing a true and attested copy

thereof, together with a copy of plaintiff's statement of claim and rule to file an affidavit of defense, "to 'Edith Ranalli, in charge of office of the said Theopholis C. Teague, at his place of business." No appearance was entered for the defendant, nor was any affidavit of defense filed and judgment was entered in favor of the plaintiff and against the defendant on July 8, 1926. The defendant, on July 16, 1926, presented his petition to the court below, averring that he had been ill and away from his office for a period of six weeks, at about the time the writ purported to be served at the office; that the first knowledge he had that the action had been brought and the writ served at his office was upon receipt of a letter from the attorney for plaintiff informing him that the judgment had been entered; that he then made an investigation and discovered that the clerk to whom the copy of the writ had been delivered, in the absence of the defendant, had filed said copy away and had not informed the defendant of the existence or service thereof, and the defendant upon these facts being brought to his knowledge immediately filed the said petition, which set forth a meritorious defense to the action. The defendant did not in his petition pray that the judgment should be stricken off, because of any irregularity of the manner in which the writ was served, as disclosed by the return of the sheriff. He in effect, admitted that he was in court, and prayed that he be permitted to make a defense on the merits. The plaintiff filed no answer to this petition. The record in the case indicates, and counsel for the parties agreed at the oral argument in this court, that the proceedings should be considered as a petition to open the judgment and let the defendant into a meritorious defense. Under Rules 12 and 13 of the court below, the allegations of the petition presented by the defendant were to be taken as admitted, no answer having been filed by the plaintiff. The de-

fendant having shown to the court a good defense on the merits, and further shown that the copy of the summons served at his office had been improperly filed and mislaid by the clerk; that no knowledge had come to him of the service of the summons until after the judgment had been entered; and that upon receiving notice of the judgment he promptly presented his petition for relief, the learned judge of the court below ought not to be held guilty of abuse of discretion in opening the judgment: Fuel City Mfg. Co. v. Waynesburg P. C., 268 Pa. 441; Howland v. Home Ins. Co., 67 Pa. Superior Ct. 276.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant, and the record is remitted with a procedendo.