## Sockett, Appellant, *v.* Philadelphia Toilet and Laundry Company.

*Judgments—Opening—Discretion of court—Depositions—Necessity of.*

On a petition to open a judgment entered for want of an appearance, the petition averred inter alia that "immediately following the receipt of the writ, it was forwarded to those representing the defendant and for some reason unknown to this defendant, was either mislaid or miscarried." The plaintiff did not controvert this averment in his answer. Under such circumstances the lower court did not abuse its discretion in opening the judgment.

In such case, the averment not having been denied, no depositions were required to support it.

Under the rules of the Municipal Court of Philadelphia County all judgments entered by default may be opened by the court on a

rule to show cause, when deemed necessary for the purposes of justice. If the court considered the averment in the petition, which was not controverted, sufficient reason for opening the judgment, its decision will not be reversed in the absence of any evidence of abuse of discretion.

Argued October 28, 1927. Appeal No. 334, October T., 1927, by plaintiff from order of M. C. Philadelphia County, July T., 1927, No. 174, in the case of Benjamin Sockett v. Philadelphia Toilet and Laundry Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment entered for want of an appearance. Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the order of the Court.

*Charles Green,* of *Green & Friedman,* and with him *Samuel C. Nissenbaum,* for appellant.

*Layton M. Schoch,* and with him *Frederick H. Spotz,* for appellee.

OPINION BY TREXLER, J., March 2, 1928:

This is an appeal from an order making absolute a rule to open a judgment entered for want of an appearance in an action of trespass. Judgment was entered on July 23, 1927. On the 5th of August, 1927, the defendant presented his petition reciting the proceedings, the judgment by default and states in the fourth paragraph—"Immediately following the receipt of the writ it was forwarded to those representing the defendant, and for some reason unknown to this defendant, was either mislaid or miscarried."

The court entered a rule to show cause why the judgment should not be opened and in response to the fourth paragraph above quoted, the plaintiff averred that the facts set forth "do not set forth a legal excuse for not entering an appearance on the return day of the writ." This was an admission of the facts and an averment that the reason set forth was not sufficient to warrant the court to open the judgment. The rules of the Court of Common Pleas of Philadelphia, which as to this matter, also govern the Municipal Court, provides as to judgments by default that all such judgments may be opened by the court upon a rule to show cause when deemed necessary for the purpose of justice. The Municipal Court deemed the averment contained in the fourth paragraph, which was not controverted, sufficient to move its discretion so as to allow the judgment to be opened.

Where a matter is peculiarly within the discretion of the lower court, the action of the lower court should not be overruled except for obvious abuse of the power. None such appears here.

The argument that depositions should have been taken before the matter was decided, loses its force for the reason as stated above that the averment set forth in plaintiff's fourth paragraph was not denied and, therefore, no depositions were required to support it.

The order of the Municipal Court is affirmed.