## Mann v. Schneller et al. Odenwelder v. Schneller et al.

*H. M. Spangler*, for claimants.

*William H. Schneller* and *Asher Seip*, for defendants.

STEWART, P. J., March 5, 1928.—These are rules to open judgments of *non pros.* The proceedings are identical and will be considered as one. The learned counsel for the execution plaintiff states the question involved as follows: "Is not the filing of a statement of claim by the claimant in an interpleader proceeding within two weeks after the interpleader rule has been made absolute mandatory under the acts of assembly and rules of court?" The Interpleader Act requires the bond and claimant's statement of title to be filed within two weeks after the sheriff's rule for an issue shall be made absolute, and section 182 of the rules of court provides: "If the claimant fails to give bond and file statement within two weeks ·after an issue is awarded, he shall be deemed to have abandoned all claim to the goods levied, and the sheriff shall proceed with the execution." In Com. *v.* Beary, 9 Pa. Superior Ct. 246, Judge Porter called attention to the power of the court to adopt a rule like our rule. In fact, in interpleader proceedings such a rule was necessary. He said: "The framers of the act do not seem to have contemplated, or made provision for, a failure on the part of the claimant, to file a statement of title. The act, however, permits the Courts of Common Pleas to make general rules governing the proceedings under the act not inconsistent with its terms." The Supreme Court also referred to this in Barn-

dollar *v.* Fogarty, 203 Pa. 617. A case applicable, in its principle, to the present case is Neff *v.* Seidman, 80 Pa. Superior Ct. 489, the syllabus of which is: "A petition to open a judgment of *non pros.*, entered because of failure of plaintiff in sheriff's interpleader to file a statement of claim and bond, is addressed to the sound discretion of the court, and a refusal of the same will not be reversed except upon proof of abuse of such discretion." In that case there was a judgment of *non pros.* and a refusal by the court to open it, and the action of the court was affirmed. It would seem, therefore, that the present case does not fall within the class of cases where a statutory enactment is held to be mandatory, such as Wise *v.* Cambridge Springs Borough, 262 Pa. 139, and Bailey's Estate, 281 Pa. 392, although Rader *v.* Keiper, 285 Pa. 579, is an advance even on the last two decisions. However, in that case Mr. Chief Justice Moschzisker placed his decision largely upon the merits of the case. The line of cases applicable to this case is illustrated by the following cases: In Fuel City Manuf. Co. *v.* Waynesburg Products Corp., 268 Pa. 441, the syllabus is: "Relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered and a defense shown upon the merits." In Kantor *v.* Herd et al., 276 Pa. 519, there is an excellent discussion of the subject-matter by Mr. Justice Sadler. The Fuel City Manufacturing Company case has been followed in Public Ledger Co. *v.* Kleinman, 75 Pa. Superior Ct. 345; Noll *v.* Corporation of Royal Exchange Assurance, 76 Pa. Superior Ct. 510; Kulp *v.* Lehigh Valley Transit Co., 81 Pa. Superior Ct. 296, and Baile Co., Inc., *v.* Stong & Stong, 84 Pa. Superior Ct. 241. In Bleyer *v.* Ricker et al., 14 Northamp. Co. Repr. 67, the syllabus is: "Judgment by default may be taken when either party is in disregard of a statutory rule and where the statement provided by the Act of May 26, 1897, P. L. 95, is not filed within the two weeks' period mentioned in the act. Judgment of *non pros.* may be entered by the court without a prior rule to show cause why it should not be entered, and a judgment so entered is regular and will not be stricken off. Where the court is satisfied that a judgment by default was entered against parties who assert that they have a good defense, through the neglect of counsel, which neglect was not wilful and did not cause any serious delay, the court will open the judgment upon conditions." That was a proceeding in foreign attachment, and a judgment of *non pros.* was entered there for want of a statement. We examined the matter at some length, and we think that decision is in conformity with the subsequent decisions of the Supreme and Superior Courts cited above. Three elements must be considered—neglect of counsel, the merits of the case, and the willingness to conform to the requirements of the law. As to the last element, in the present case there was no delay after judgment had been entered, but there has been no offer to the court to file a statement except inferentially from the prayer of the petition. Good practice requires that a statement should be prepared and proffered to the court with the petition to open. We have carefully examined the depositions that have been taken, and, without expressing any opinion upon the merits of the case, they raise questions of fact for a jury to pass on. As to the neglect of counsel, we have examined the execution docket and the continuance docket. In the latter docket the record shows: "Statement with acceptance of service by attorney for defendant filed." In the execution docket there was no entry of the filing of any statement, and the judgment of *non pros.* was properly taken on that record.

As a matter of fact, although counsel for the claimant used the back prepared for *assumpsit* cases, and although counsel for the execution plaintiff endorsed that paper, "Apr. 20/25 Service of within statement accepted," nevertheless, the paper itself is as headed, an answer duly signed and sworn to by the claimant. The heading shows what it is as follows: "Answer to rule granted on March 30, 1925, returnable April 20, 1925, to show cause why an issue should not be framed to determine the ownership of goods and chattels claimed and levied upon."

To keep the record straight, the prothonotary is directed to so endorse it and file it in its proper place as an answer, and is also directed to strike out the entry on the continuance docket of the filing of the statement of claim on April 20, 1925. It is a relief to note that in the petition the client swore that the trouble in this case was caused "by the mistake, accident and inadvertence of the attorney of your petitioner," and that for one time at least the burden of lawyers' mistakes was not put on a stenographer. However, although the affidavit was made by the client, the attorney very frankly, upon argument, admitted that the fault was his. Under the circumstances, therefore, in the exercise of our equitable discretion, we make the following order in each case:

And now, March 5, 1928, rule to open judgment of *non pros.* and to allow claimant to file statement will be marked by the prothonotary "absolute," provided the claimant shall file a statement on or before two weeks from date, and shall, at the time of filing same, exhibit to the prothonotary a receipt in full for all costs incurred after May 18, 1925, to this date, caused by these proceedings to open the judgments.

From Henry D. Maxwell, Easton, Pa.