## Henderson v. Hendricks, Appellant.

Argued October 24, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Garrett L. George,* and with him *J. Lee Patton,* for appellant.

*Ralph S. Croskey,* for appellee.

Opinion by Henderson, J., December 13, 1928:

This action was brought to recover the amount of two promissory notes given by the defendant to the plaintiff. After service of the summons an appearance was entered for the defendant. A rule to file an affidavit of defense was entered on November 8, 1911, of which notice was duly given to the defendant. On December 21, 1911, judgment was entered for want of an affidavit of defense. On March 15, 1928, an application was made to open the judgment for the reason that the defendant had not authorized an appearance to be entered for him, that he had no information that the judgment was taken, and that he had a valid defense to the plaintiff's claim. The court discharged the rule to open the judgment, and from that order the defendant appealed.

The evidence and relevant law were fully considered by the court below in disposing of the rule in a convincing opinion wherein it was held that the summons was lawfully served on the defendant, that the judgment was regularly entered, and that the defense proposed to be presented would not have been sufficient

to take the case to the jury if it had been filed before the judgment was entered. Proceeding's of this character are equitable in their nature and to entitle the defendant to relief he must show prima facie that it would be unjust to subject him to liability for the plaintiff's claim.

The defense which is purely technical is ordinarily insufficient to move the Chancellor to accord relief: State Camp &c v. Kelley, 267 Pa. 49; Krall v. Lebanon Valley S. & L. Association, 277 Pa. 440.

The appeal does not disclose such merit as calls for a reversal of the order. It is therefore affirmed.

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.