## Esterbrook v. The Fisk Tire Company, Inc.

A. F. Gilbert and Jay G. Weiser, for plaintiff.

Arthur H. Hull and Henry J. Sommer, for defendant.

POTTER, P. J., Oct. 8, 1929.—On April 5, 1928, a summons in trespass was issued in this case. The defendant being a corporation of another state, the summons was served by the Sheriff of Dauphin County on April 13, 1928, on the Secretary of the Commonwealth, as is provided by statute. On May 14, 1928, this summons was returned by the Sheriff of Snyder County "non est

*inventus.*" Just why this return was made we fail to understand, as the service was lawfully made, in our judgment, upon the Secretary of the Commonwealth. Be that as it may, on Feb. 15, 1929, we find an *alias* summons issued, which was also served on the Secretary of the Commonwealth on Feb. 21, 1929. No appearance was entered for the defendant within the usual time for so doing. On Sept. 13, 1928, judgment was entered in the sum of $1000, with interest thereon from June 27, 1927, with costs, for want of an appearance, and on June 17, 1929, we find another judgment of like amount entered against this defendant. Or, we have two judgments of $1000 each standing against this defendant upon the same cause of action. On July 22, 1929, upon petition presented, we granted a rule to show cause why these judgments should not be opened and the defendant let into a defense, and on the same day an appearance was entered for the defendant. On July 30, 1929, an answer to the rule was filed. Arguments were duly heard on the rule and on the answer, and now we have before us the question whether or not these judgments shall be opened.

This suit arises by reason of an automobile collision, a discussion of the merits of which does not enter into the question before us. The plaintiff claims $1000 damages to her automobile. Of course, as in all like cases, each party casts the fault upon the other. In the plaintiff's answer to the rule she says her automobile was damaged to the amount of $772.01, and, in addition to this sum, she claims for the loss of the use of her machine for several months, thus, we presume, making up the sum total of her claim of $1000. This sum is not itemized, but is stated as a lump sum, being, we presume, the plaintiff's estimate, which is rather an unsafe method of arriving at a sum on which judgment may be entered.

In an action of *assumpsit*, where the amount claimed arises from business transactions, we can see clearly that the amount for which judgment can be entered may be approximately correct, but in an action of trespass, for injuries to the person or property, we are inclined to the opinion that more than the estimate of the plaintiff should be submitted on which to enter a money judgment. In the case at bar, the defendant alleges a good and legal defense.

It seems that so far back as July 1, 1912, this defendant filed with the Secretary of the Commonwealth a letter of attorney designating him and his successors in office as its agent upon whom legal process could be served in actions against it, and designating as the place where notice of the service of such process could be made as No. 258 North Broad Street, Philadelphia. In the year 1917 the defendant removed from this place of business to No. 666 North Broad Street, Philadelphia, and on Oct. 1, 1917, again removed to No. 3001 North Seventeenth Street, Philadelphia. Upon none of these removals did this defendant notify the Secretary of the Commonwealth of the change of address, in which it was at fault. In both instances, when the summons was served upon the Secretary of the Commonwealth, prompt notice of such service was sent to the defendant at No. 258 North Broad Street, Philadelphia, and in both instances the notice was returned, the defendant not being found there. It will thus be noted that this defendant, through its own fault, had no knowledge of the entry of these judgments.

On June 17, 1929, a *testatum fieri facias* was issued out of this court to the Court of Common Pleas of Dauphin County, by virtue of which the Sheriff of Dauphin County levied upon the contents of the defendant's store in Harrisburg, when the defendant learned for the first time of the existence of these judgments. Then steps were immediately taken to have the judg-

ments opened. In one sense this defendant is at fault. In another it is not. It is at fault in not sending to the Secretary of the Commonwealth its new address upon removal, and, had this been done, this contention would not be before us. It is not at fault in view of its prompt action to preserve its legal rights after having learned of the entry of the judgments.

Taking into consideration all the elements herein recited, we feel that this defendant should not be required to pay the judgment or judgments entered against it without an opportunity of presenting its defense. In this view we are well fortified by appellate authorities.

Where a defendant in a judgment entered for want of an appearance comes forward in a reasonable time, puts in a sufficient affidavit of defense and makes a proper excuse for his non-appearance, the court will open the judgment and let him into a defense, and thus afford him the constitutional right of trial by jury: Remick v. Letterle, 89 Pa. Superior Ct. 322; Howland v. Home Insurance Co. of New York, 67 Pa. Superior Ct. 276. And in the case of Sockett v. Philadelphia Toilet and Laundry Co., 92 Pa. Superior Ct. 254, a case on all fours with the case at bar, the judgment was opened. In Rule of Court No. 139 of our old rules we find that "judgments by default may be set aside or opened, at the discretion of the court, when deemed necessary for the purposes of justice." Our old rules of court are still in force as to matters wherein the new ones are lacking.

The equitable powers of this court are appealed to in this instance, in the exercise of which we think these judgments should be opened.

And now, to wit, Oct. 8, 1929, the rule is made absolute, the judgments are opened and the defendant is let into a defense. Let the case proceed to trial. An exception is noted for the plaintiff and a bill is sealed.