**Bianca, Jr., Appellant, *v.* Kaplan.**

Argued March 9, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Joseph F. Tedesco*, and with him *Vosburg and Vosburg*, for appellant.

*J. Julius Levy*, for appellee.

Opinion by Trexler, P. J., May 4, 1932:

The question is whether the lower court was right in opening the judgment. The action was in assumpsit. The praecipe for summons and plaintiff's statement of claim were filed on the 21st day of January, 1931. The statement bore the usual endorsement requiring the defendant to file an affidavit of defense in fifteen days from the service thereof. Both were served on January 22nd, and the writ was returnable on Monday, March 16, 1931.

No appearance having been entered and no affidavit of defense filed, on March 17th plaintiff took judgment for want of an affidavit of defense. Nothing further was done until October 30, 1931, when a fi. fa. was issued and on November 2, 1931, the defendant filed a petition to open the judgment, alleging that when the original papers were served on her, she turned them over to her lawyer who was to attend to the matter. The first information that she had that judgment had been entered was when the levy was made. In her petition she disclosed a defense which admittedly, if established at the trial, would be sufficient to defeat plaintiff's claim. The court opened the judgment.

The appellate courts will not interfere with the discretion of the court below in opening a judgment, except in cases where a clear abuse of such discretion appears. National Finance Corp. v. Bergdoll, 300 Pa. 540; Sockett v. Phila. Laundry Co., 92 Pa. Superior Ct. 254. "The power of the court to grant relief from a judgment entered by default due to mistake or oversight of counsel, is one which is frequently exercised in the interest of justice": Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441.

The point stressed by the plaintiff is that there is too long a time intervening between the entering of the judgment and the petition to open. It is true that the cases hold that the application to open should be

promptly made, but in the present we should not impute laches on the part of the defendant for she had no knowledge of the judgment until the levy was made and as soon as she was apprised of the fact, the prayer for relief was presented. In Pine Brook Bank v. Kearney, 303 Pa. 223, where the petitioner averred that she signed the note solely for her husband's benefit, the court opened it five months after entry.

The attorney of the defendant failed to attend to the filing of the affidavit because he was moving his office at the time and the matter was overlooked. The opening of the judgment being a matter within the sound discretion of the court, each case must be determined on its own facts and a too rigid application of the rule that delay bars relief would often cause injustice. The question of laches must be considered in connection with other circumstances which may appear. In the present case, the plaintiff, after he obtained judgment, made no move to collect it until seven months thereafter. Had there been any evidence that any notice of the entry of the judgment had been given to the defendant or her attorney, or any demand for payment made, a different aspect would have been given to the matter.

In the case of Hale v. Uhl, 293 Pa. 454, relied upon by the plaintiff, a petition to take off a non-suit was refused owing in part to the failure of the attorney to act promptly in presenting the petition, but in that case the attorney's attention had been called to his neglect to file a statement as required by the rules of court and for that reason and others appearing, the court held that there were no substantial grounds to move the court to take off the non-suit.

We believe there was no abuse of discretion in the present case.

The order is affirmed.