Wm. E. Sturges & Son, Appellant, v. Page.

Argued November 23, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*W. E. Bushong,* for appellant.

*T. D. Wade,* and with him *J. G. McKeone,* for appellee.

Per Curiam, December 16, 1932:

Judgment was entered by default for want of an affidavit of defense on the 29th day of August, 1932. Three days thereafter there was a petition presented to open the judgment, the allegation therein being that the failure to file an affidavit of defense was due to the neglect of counsel. The court, after hearing was had in which the petitioner was heard, opened the judg-

ment, filed no opinion, but in the order stated that the reason for the opening of the judgment was on the ground that "it was the fault of this man's counsel, he was not here to enter an appearance and file an affidavit of defense." Relief will be granted from a judgment entered by default as the result of a mistake or oversight of counsel, where application is promptly made and reasonable explanation or excuse for the default is offered and a defense is shown upon the merits: Bianca v. Kaplan, 105 Pa. Superior Ct. 98; National Finance Corporation v. Bergdoll, 300 Pa. 540; 151 Atl. 12. In the present case, however, no defense by proper affidavit in writing was disclosed, and the court might well have refused to open the judgment for that reason. However, under the exceptional circumstances disclosed by the argument at bar, the court below evidently regarding an oral statement of the defense sufficient, we have concluded that the judgment should be reversed and the record remitted to the lower court in order that the petitioner may amend his petition and disclose his defense by proffer of a proper affidavit, so that the court may in conformity with the proper practice consider the matter.

Order is reversed and the record remitted for further proceedings. Appellee to pay the costs upon this appeal.