Scott et ux., Appellants, *v.* McEwing.

Argued December 1, 1939. Before MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. Webster Jones,* for appellant.

*Joseph Head, Jr.,* with him *John B. Martin* and *Duane, Morris & Heckscher,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 2, 1940:

On March 15, 1939, five days before the return day, defendant was served with an alias writ of summons and a copy of plaintiffs' statement of claim in trespass. Judgment was entered against him on April 3, 1939, for want of an appearance, and, on April 8, he filed a petition and rule to open the judgment.

The petition sets forth that on the day of service, defendant delivered the writ and statement to the office of the Manufacturers' Casualty Insurance Company, his insurance carrier; that they were mislaid by the company in its claims department; that on March 28, 1939, one of its employees spoke to plaintiffs' counsel, who expressed a willingness to discuss the case at some future time; that on March 31, the papers were forwarded by the company to its counsel, who attempted three days thereafter to enter an appearance for defendant, but found that a default judgment already had been taken against him.

The answer to the petition denies the conversation of March 28, but alleges that on March 15, the insurance company's employee refused to consult with plaintiffs' counsel regarding the case, stating that: "they would meet counsel for the plaintiffs in court when the case was listed for trial." Defendant's other material allegations were either admitted, or answered by argumentative averments. After a hearing upon petition and answer, the court below made absolute the rule to open judgment, on the condition that defendant pay the record costs. This appeal by plaintiffs followed, assigning as error the opening of the judgment.

The power of a court to grant relief from a judgment entered by default due to a mistake or oversight of

counsel is one frequently exercised in the interest of justice, and we have repeatedly said that this Court will not interfere with the lower court's action unless it is clearly shown that its discretion has been abused: *Fuel City Mfg. Co. v. Waynesburg Prod. Corp.*, 268 Pa. 441; *Thermo Water Lift Co. v. Air Tight S. T. Co.*, 272 Pa. 91; *National Finance Corp. v. Bergdoll,* 300 Pa. 540. Here the default occurred through no neglect of either defendant or his counsel, but through an inadvertence on the part of defendant's insurance carrier. As the application for relief was promptly made, the court below was of opinion that to deprive defendant of a jury trial in this case, where the claim is for $20,000 would constitute "a gross miscarriage of justice." Under the circumstances we cannot say there was an abuse of discretion. See *Howland v. Home Ins. Co.*, 67 Pa. Superior Ct. 276; *Sockett v. Phila. Laundry Co.*, 92 Pa. Superior Ct. 254.

It is contended, however, that defendant's petition is insufficient in that it fails to allege facts constituting a defense to plaintiffs' claim, stating merely that defendant "has a full, true, just and complete defense to the entire claim of the plaintiff." See *Com. v. J. & A. Moeschlin, Inc.*, 314 Pa. 34. It is true that in actions of assumpsit, where the case is not at issue until an affidavit of defense is filed, a default judgment will not be opened unless facts constituting a valid defense are pleaded: *Fuel City Mfg. Co. v. Waynesburg Prod. Co.*, supra. But in trespass actions, no affidavit of defense being necessary, it appears to be the practice in cases where the equities are clear, that the court in its discretion may grant the petition to open the judgment without requiring the defendant to set forth the exact nature of his defense.* This was done in the case

---

*Wherever the rule has been stated as requiring that the petitioner show a defense on the merits, the action has been in assumpsit: *Cinnaminson Park Co. v. Laws,* 63 Pa. Superior Ct. 189;

of *Sockett v. Phila. Laundry Co.,* supra, and it was held on appeal that there was no abuse of discretion. See *Howland v. Home Ins. Co.,* supra.

The admitted averments of the petition disclose that the judgment was entered against defendant through no fault of his own, and it clearly appears that there has been no undue delay on his part. Therefore, we are not disposed to interfere with the action taken by the court below.

The order is affirmed.

---

*Baile Co., Inc., v. Stong & Stong,* 84 Pa. Superior Ct. 241; *Remick v. Letterle,* 89 Pa. Superior Ct. 322; *McDevitt v. Teague,* 89 Pa. Superior Ct. 332; *Henderson v. Hendricks,* 94 Pa. Superior Ct. 568; *Bianca v. Kaplan,* 105 Pa. Superior Ct. 98; *Page v. Patterson,* 105 Pa. Superior Ct. 438; *Wm. E. Sturges & Son v. Page,* 106 Pa. Superior Ct. 520; *Planters Co. v. Brown-Murray Co.,* 128 Pa. Superior Ct. 239. In all but the Remick case the judgment sought to be opened had been entered for want of an affidavit of defense.