## Schwartz et al. v. Stewart

*Maurice Levinson* and *James A. Chambers* of *Chambers, Chambers & O'Neill,* for plaintiffs.

*Errol Fullerton,* for defendant.

BRAHAM, P. J., December 31, 1945.—This case comes before the court upon defendant's petition to open the default judgment obtained against him in an action of trespass. The case has been proceeded with to the point where a sheriff's jury has liquidated the damages after a hearing in which defendant participated.

Involved is the right of the court to open a default judgment, a right well recognized: Remick v. Letterle,

89 Pa. Superior Ct. 322; Howland v. Home Insurance Co. of N. Y., 67 Pa. Superior Ct. 276; but always subject to the defense of laches: Brungart v. Butler, 52 Pa. Superior Ct. 349.

It is well to understand the precise facts. These must be found from the pleadings because no evidence was taken at argument before the court en banc and no depositions were offered, in which situation the case is before us on bill and answer. The rule in such case is stated in Kelly et al. v. International Clay Products Co., 291 Pa. 383, 385, as follows:

"Under such circumstances, we are required to determine only the relevant issues raised by the petition and answer, and, in doing so, must accept as true the pertinent facts set forth in the answer, and reject those which are alleged in the petition but are denied by the answer."

Thus viewed, the facts are as follows: On and prior to November 29, 1944, defendant was the owner of a business building in Bessemer, Pa. On that date Martin Schwartz, minor plaintiff, fell down a stairway in this building and was injured. The defendant who carried insurance covering his liability on the building notified the agent of the company of the accident and also notified his lawyer.

On March 15, 1945, plaintiffs filed suit alleging defendant's negligence and their consequent damage. Defendant was duly served but failed to file any appearance.

On April 9, 1945, plaintiffs sought and obtained judgment against defendant for want of an appearance. Neither defendant nor his counsel had any knowledge that judgment had been taken until on or about May 16, 1945, when plaintiffs caused a writ of inquiry to issue to the sheriff in order to make certain the amount of plaintiffs' damages. Notice of the issuance of the writ and the time of hearing was served upon defendant by the sheriff on May 21, 1945. The hear-

ing was fixed for June 1, 1945, at 2 p.m. at the court house.

At sometime prior to the hearing defendant's attorney notified defendant's insurance carrier of the writ of inquiry and someone for the insurance company said the company would take care of the matter. At about one hour before the inquest was scheduled to convene an agent for the insurance carrier appeared but refused to handle the case. On or about June 4, 1945, the Curley Adjustment Agency notified defendant that his insurance company denied liability because of a failure to coöperate with its agent.

Defendant appeared at the inquest in person and by his attorney. His attorney cross-examined the witnesses produced to testify to the amount of plaintiffs' damages and argued the case before the sheriff's jury. Defendant was also offered the right to produce his evidence. The sheriff's jury returned a verdict for Samuel and Rosalyn Schwartz, plaintiffs, in the sum of $1,200 and in favor of Martin Schwartz, the minor, in the sum of $750.

Defendant did not know judgment had been taken against him by plaintiffs until the service of the writ of inquest upon him on May 21, 1945. He made no attempt to obtain relief from the judgment until June 8, 1945, when he filed the petition to open judgment which is now before the court. He was relying upon his insurance carrier to take care of the case.

In support of his petition to open defendant relies upon the right of the court in its discretion to open a default judgment even after the term. The rule is stated in general terms in Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 444, in these words:

"It is well settled in Pennsylvania, that relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where

application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown upon the merits."

The rule is further widened in Scott et ux. v. McEwing, 337 Pa. 273, to eliminate the requirement of the statement of a complete defense in trespass actions.

If the case were to rest upon mere oversight of an attorney we would have no hesitation in opening judgment: Quaker City C. & C. Co. v. Warnock Building Assn. et al., 347 Pa. 186; Curran v. James Regulator Co., 154 Pa. Superior Ct. 261; Bianca, Jr., v. Kaplan, 105 Pa. Superior Ct. 98; National Finance Corp. v. Bergdoll, 300 Pa. 540; Pinsky v. Master, Admrx., et al., 343 Pa. 451.

But, as intimated at the outset of this opinion, there are definite limitations imposed upon the right of the court to open this judgment. "The burden, in such an application, is upon the defendant to prove (1) due diligence, (2) grounds for opening the judgment, and (3) the existence of a meritorious defense": Planter's Nut & Chocolate Co. v. Brown-Murray Co., Inc., 128 Pa. Superior Ct. 239, 244.

"The mere statement that the failure to file was due to inadvertence or oversight on the part of counsel, is not a sufficiently reasonable explanation or excuse to call for the application of the rule": Page v. Patterson, 105 Pa. Superior Ct. 438, 440. The mere mixing the papers in an attorney's office is not sufficient: Stern v. Bowers, 70 Pa. Superior Ct. 592.

Has defendant proceeded with due diligence to attack the default judgment against him? It is not a mere matter of the length of time but whether the situation has changed. Defendant knew of this judgment soon after May 31, 1945, if not before. He was told the judgment would be liquidated on June 1, 1945, at a public hearing. Then was his time to attack the judgment. Instead he dealt with his insurance company and, failing to obtain satisfactory assurance from it,

appeared in person and by attorney at the hearing. Once it was clear to him that the insurance company had failed him he must again have canvassed the situation to determine his course of action. Granted that earlier he may have been lulled into security by confidence in his insurance carrier, he knew at least one hour before the hearing that he must go it alone. He might even then have applied to the court for equitable relief. A court of equity is always open. When the ruling on evidence at sheriff's inquest made it clear that his defense on the merits was barred by the default judgment, again he was put upon notice. Instead of coming to the court with his defense he chose to go forward, cross-examining witnesses, arguing the case to the jury. Not until four days after the verdict went against him did he petition the court to open the judgment. Defendant has not proceeded with due diligence.

In Kanai v. Sowa, 109 Pa. Superior Ct. 426, defendant, two days after his wife's death, conveyed all his real estate to his daughter. Plaintiff sued defendant for the funeral expenses of defendant's wife but defendant, upon advice of his lawyer, did not appear or defend. Later he applied to have the judgment opened. The Superior Court after citing the general rule quoted from the Fuel City case, supra, said as follows (p. 428):

"This judgment was not due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the defendant, but was the result of a decision, after deliberation, not to defend. As the lower court well says: 'To adopt and apply such a rule in litigation would involve the courts in constant setting aside of proceedings on the alleged ground that parties had been ill advised by their counsel. There would be no certainty in procedure, and no end to litigation."

To be sure there is a distinction to be drawn. In the Kanai case defendant consulted his lawyer immediately after service of summons upon him; here defendant

consulted his lawyer before suit and after judgment. But the decision to go forward into the hearing before the sheriff's jury without applying for relief from the judgment was deliberately made. It was not inadvertent.

This leads to a consideration of the reasons assigned for the delay. These may be summarized by saying that defendant relied upon his insurance carrier to take care of the case for him. Under some circumstances this might be a good excuse for the delay: Scott et ux. v. McEwing, 337 Pa. 273. Defendant, C. A. Stewart, however, went further than mere inaction. He acted by participating definitely in proceedings to liquidate the judgment of which he now complains. In Exler v. Wickes Bros., 263 Pa. 150, defendant permitted a default judgment to be taken in replevin. It was held that plaintiff who claimed an interest in the property and had depended upon defendant to protect him was bound by defendant's action. This was mere inaction, our defendant's course was action.

Two definite and compelling reasons exist for refusing this petition to open. In the first place defendant, having taken his chance at trial, may not now succeed in overturning the basis of the trial. This is a principle which runs through our law. It is too late to demur after the case has gone to the jury: Gorman v. Bigler, Exec., 8 Pa. Superior Ct. 440. One who has presented a petition to open judgment thereby waives formal defects in the service of process: Work v. Adams, 72 Pa. Superior Ct. 262. Even a stockholder who participates in a stockholder's meeting is concluded from questioning the authority of the meeting: Glenn v. Trees et al., 276 Pa. 165.

Now to open this judgment for defendant would be to put him in a preferred position. If he had succeeded in holding the damages low enough he might now pay

the award and defendant would be barred; because there is no appeal from the award of a sheriff's inquest: Miller v. Jackson, 38 Pa. Superior Ct. 477. On the other hand, since the damages are higher than defendant thinks he should pay, to open this judgment would mean plaintiffs have endured all the hazards of trial but defendant none. Rather the law is that defendant is barred by his choice to appear and make a contest in the sheriff's inquest.

The second reason for refusing defendant the relief for which he prays arises out of the very reason which he assigns, namely, the failure of his insurance carrier to look after his interests. Negligence cases are tried without revealing to the jury the fact of insurance, although to withhold the information often prevents witnesses from telling the whole truth. This is done out of sound considerations of public policy. In the present case defendant would compel the plaintiffs to try their case twice because of some under-the-surface pulling and tugging between insurer and insured. No considerations of public policy require us to recognize this to the detriment of the plaintiffs. If defendant can substantiate the allegations of his petition to open he will doubtless be able to prevail against his insurer in an action on his contract of insurance or indemnity.

It is not necessary to consider defendant's claim that minor plaintiff was a trespasser.

In any event defendant has waited too long and participated too much in this case now to have judgment opened. Entertaining these views we make the following

### Order

Now, December 31, 1945, defendant's petition to open the judgment in default of appearance which was entered against him on April 9, 1945, is refused and the rule granted June 8, 1945, is discharged.