## Molaskey et al. v. Crisan et al.

*B. H. Marks*, for plaintiffs.

*Martin E. Cusick*, for defendants.

ROWLEY, P. J., July 7, 1947.—This matter is before the court upon plaintiffs' rule to strike off defendants' answer filed, without leave of court, more than 15 days after service of plaintiffs' statement of claim.

On May 8, 1944, the summons and plaintiffs' statement of claim were served upon defendants.

Thereafter defendants obtained a rule to strike off the summons and the statement of claim. On September 7, 1944, this rule was discharged.

The instant action was brought to recover damages alleged to have been sustained when "the automobile of defendant, Mary Kiefer, was being operated and was backed out of her private driveway by her agent, workman, and employe; and upon the business of the said Mary Kiefer, and the said automobile was backed out onto the said highway out of the private driveway of Mary Kiefer by Emil Crisan, minor defendant."

On February 7, 1947, defendant Mary Kiefer filed an answer denying that Emil Crisan was acting as her agent, workman, or employe, or with her permission when the accident occurred.

On March 3, 1947, plaintiffs presented a petition for a rule to strike off defendants' answer. This petition set out that the answer was filed more than 15 days after service of the statement of claim and further averred: "Plaintiffs will be prejudiced by it being filed now for the reason that the witnesses by whom your petitioners, plaintiffs, would have been able to prove agency have moved from the jurisdiction of this court, and one witness, to wit, Ben Parry, an alderman, by whom your petitioners would have been able to prove agency and to whom Mary Kiefer had admitted agency, has died since the commencement of this action."

The court granted a rule to show cause.

On April 3, 1947, defendant Mary Kiefer filed an answer to the petition for the rule. The answer averred that Alderman Parry had died several months before the suit was instituted; that on March 22, 1944, her insurer suggested that she retain counsel to prepare her defense; and that her counsel was serving with the armed forces of the United States when the suit was entered.

The answer to the rule included a prayer for leave to file the original answer nunc pro tunc.

On May 9, 1947, the matter came on for hearing upon the rule to strike off the tardy answer of Mary Kiefer.

At the hearing plaintiff offered no evidence. Defendant introduced a certificate of Bureau of Vital Statistics that Benjamin F. Parry died in December 1943; defendant also offered the record of the instant case to establish May 5, 1944, as the date of commencement of the action.

The precise question here presented is whether the answer in a trespass action should be stricken off if

filed without leave of court more than 15 days after service of the statement of claim.

The common pleas opinions are not in agreement. We have found no appellate decision on the point.

The Practice Act of May 14, 1915, P. L. 483, 12 PS §492, contains a general provision (section 22) authorizing the trial court, in its discretion, upon motion and notice to the opposite party or his attorney, to extend the time fixed for filing or service of any pleading:

"Under this provision the court may extend the time for filing an affidavit of defense [Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441]. A fair construction of this section is that whether a defendant in an action of trespass shall be allowed to file a defense after the lapse of the statutory period is a matter requiring the exercise of judicial discretion and should be determined after hearing both parties": 4 Standard Pa. Practice 39, §19.

In Pennsylvania R. R. Co. v. Penna.-Ohio Electric Co., 296 Pa. 40, 47, plaintiff had failed to file a reply to new matter before the trial. The court granted leave to do so while defendant was submitting its testimony, saying:

"The Practice Act of May 14, 1915, P. L. 483, does not deprive a trial court of the right to allow amendments, while it expressly gives such court the discretionary power of extending the time for filing any pleading (section 22, page 487) and that is practically what was done here. It was a matter primarily for the discretion of the trial court."

In Digregorio, Admr., v. Skinner et al., 351 Pa. 441, 447, the Supreme Court declared:

"Leave to file an affidavit of defense in a trespass action after the expiration of the 15-day period, where substantial rights are not affected, is within the discretionary power of the Court."

Plaintiff cites William Amer Co. et al. v. Reiter et al., 52 D. & C. 469, in support of his motion to strike

off the answer. In that case the court declined to strike
off an answer filed without leave. This decision cites
Lobb v. Stitzinger, 4 D. & C. 504, and Gross v. Dickinson, 4 D. & C. 505, as authority to strike off a tardy
affidavit of defense. There the court said (Lobb v.
Stitzinger) :

"The plaintiff has not averred in his answer to the
petition, nor has he offered evidence to establish, any
prejudice to his cause consequent upon defendant's
delay, and, in the absence of evidence of damage, it
is our view that defendant should have the leave
prayed for."

In the instant case plaintiff failed to establish at
the hearing the averments of his petition as to prejudice. On the contrary, defendant produced evidence
which disproved the only specific prejudice averred by
plaintiff.

In Gross v. Dickinson, 4 D. & C. 505, the court struck
off an affidavit of defense. It is to be observed, however,
that the affidavit of defense was not filed until "one
day prior to the date fixed for trial". The court expressed the opinion that the rule of Fuel City Manufacturing Co. v. Waynesburg Products Corp., 268 Pa.
441, approving the filing of an affidavit of defense after
expiration of the statutory period—applied to actions
in assumpsit only. But in Scott et ux. v. McEwing,
337 Pa. 273, the court indicates greater liberality
toward a belated affidavit of defense if the action be
trespass.

Rules to govern pleadings and procedure are necessary to the orderly and prompt dispatch of the business of the court.

But "a court ought not to enforce its rules so rigidly
as to produce injustice" : Sterling v. Ritchey, 17 S. & R.
263.

In Maimon et al. v. Yellow Cab Co. et al., 16 D. & C.
438, the court struck off an affidavit of defense which
had been filed after the day for trial had been set. The

court, following Boles v. Federal Electric Co., 89 Pa. Superior Ct. 160, pointed out that defendant's denial of agency, if permitted to be filed after the statute of limitations had run against the alleged agency, would work an obvious injustice to plaintiff.

In Vangelos et ux. v. Golder Construction Co. et al., 18 D. & C. 403, the court struck off an affidavit of defense not filed within the statutory period. The court there relied upon Gross v. Dickinson, supra, where, as above stated, the court implied that a stricter application should be made against a tardy application in a trespass action. (But see Scott v. McEwing, 337 Pa. 273.)

"In actions of trespass, inasmuch as no judgment can be entered for want of an affidavit of defense, it would seem that defendant should be allowed to file his affidavit of defense at any time before the trial, . . ." Amram's Common Pleas Practice (4th ed.), p. 88; O'Brien v. Hostetter, 11 D. & C. 171; Shoemaker v. Myers, 30 Dist. R. 240.

Lowenstein v. McGowan, 5 D. & C. 5, holds that section 18 of the Practice Act automatically "closes the pleadings" at the end of the 15-day period because the case is "deemed to be at issue".

In Kessler v. Eisenlohr, 22 D. & C. 630, the affidavit of defense had been filed after the case was called for trial. Of course, it would be manifestly unfair to confront plaintiff with the necessity of proving agency where defendant fails to deny the fact until the cause is reached on the trial list.

Our courts have been liberal in extending relief against a default which results from the mistake or oversight of counsel. The primary consideration is not the length of time that has elapsed but whether by reason of the default the situation has so changed that the opposite party would be prejudiced if the court should remit the default.

In Shoemaker v. Myers, 30 Dist. R. 240, the court held that in an action of trespass defendant may file an affidavit of defense after the action is at issue on the trial list, but the better practice is to obtain leave of court to do so.

". . . in trespass certain facts, as agency, ownership, etc., are taken as admitted if not denied. There do not seem to be any decisions of our appellate courts as to whether an affidavit of defense may be filed after the 15-day period has elapsed, but the predominating opinion of the lower court is that it may be so filed by leave of court unless prejudice or injury to plaintiff's case by reason of the delay be shown: 4 Standard Pa. Practice, p. 37, sec. 18. Since no such prejudice or injury was averred in plaintiffs' answer, defendant would seem to be entitled to file the affidavit of defense: Halbe et ux. v. Rand, 20 D. & C. 559. . . . "Our local court has consistently permitted the filing of an affidavit of defense after the 15 days had elapsed, and the case was on the trial list. See Singley v. Glatfelter, 10 D. & C. 771, and O'Brien v. Paul R. Hostetter Co., 11 D. & C. 171": Veder Transportation Co. v. Penna. R. R., 42 D. & C. 493.

Plaintiff seems to concede that an affidavit of defense may be filed more than 15 days after service of the statement of claim, if leave of court be obtained.

The requirement for leave is to afford the court an opportunity to ascertain whether substantial prejudice to plaintiff would ensue if leave be granted.

In Halbe et ux. v. Rand, 20 D. & C. 559, the court reached this rational conclusion:

". . . since, under the circumstances, had leave been asked to file the affidavit of defense we would have granted it, we will not now strike it off for that reason."

The instant question has been argued without reference to the new Rules of Civil Procedure. The point might be raised whether rules not in effect when the

action was begun should govern it. However, our decision of the instant question would be the same in either event.

Goodrich-Amram's explanatory analysis of the new rules governing the action of trespass, page 132, discusses the distinction sought to be made by the courts between a delayed affidavit of defense filed without leave of court in an action of trespass and in assumpsit. The author concludes:

"The rule is therefore the same in assumpsit and trespass cases. In either, the answer can be filed at any time and without leave of court, even after the 20-day period has expired, if the plaintiff has not yet taken judgment against the defendant for default."

If plaintiffs had sustained the averments of the petition to strike off the affidavit of defense, viz., that witnesses available during the 15-day period could not now be obtained, we should have been impelled to strike off the pleading.

At the argument the question arose whether it was sufficient for a plaintiff to aver prejudice by a belated pleading, or whether plaintiff must produce evidence to establish the prejudice.

If plaintiffs' averments of prejudice are undenied by defendant, the averments are to be taken as admitted. Where, however, defendant denies the averment of prejudice by an appropriate answer, then the matter is heard on petition and answer. This imposes on petitioner the burden of proving his averments.

Upon the petition to strike off, plaintiffs were afforded the same opportunity to show prejudice as if the question had arisen upon defendants' petition for leave.

Plaintiffs joined the alleged agent as a co-defendant, consequently plaintiffs have not been prejudiced by the running of the statute of limitations against another alleged to be liable.

Notwithstanding the duty of the court to maintain due regard for rules of pleading and procedure, it should be borne in mind that a just determination of litigation is more likely after a trial of a cause upon its merits.

In the absence of any showing that plaintiffs in the instant action will be prejudiced thereby, we are constrained to grant Mary Kiefer, defendant, leave to file her answer nunc pro tunc as of a date within the statutory period.

### Order

And now, July 7, 1947, this matter came on for argument, after hearing thereon, whereupon after due consideration it is ordered, adjudged and decreed that leave be granted Mary Kiefer, defendant, to file her answer nunc pro tunc, as of a date within the statutory period.