## Commonwealth ex rel. Truscott *v.* Yiddisher Kultur Farband, Appellant.

Argued June 28, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Hymen Schlesinger,* for appellant.

*Edward Friedman,* Deputy Attorney General, with him *Frank P. Lawley, Jr.,* Deputy Attorney General and *Harry Alan Sherman,* for appellee.

OPINION PER CURIAM, June 30, 1954:

In this action of quo warranto to revoke the charter of a nonprofit corporation because of an alleged fraud perpetrated upon the court in obtaining the charter and because of alleged unlawful activities subsequent to incorporation defendant filed preliminary objections to the complaint.

On defendant's present appeal from the order of the court below dismissing the objections, we are concerned only with the question raised by defendant as to the jurisdiction of the court.

It appears that notwithstanding repeated attempts of the deputy sheriffs of Allegheny County to serve an officer of the corporation or an agent or person in charge of its office or place of business, they were unable to obtain any knowledge as to who the officers of the corporation were or to find any person present upon the premises of the corporation's office and headquarters. Accordingly, the sheriff having made his return showing his inability to make service in accord-

ance with subsections (a) and (b) of Rule 2180 of the Rules of Civil Procedure, plaintiff petitioned the court to authorize service upon defendant by registered mail directed to the Secretary of the Commonwealth and to the corporation at its last registered office or principal place of business as provided by subsection (c) of said Rule. The court made an order directing that such service be made, which was accordingly done, and the court therefore properly overruled defendant's objection that "no legal, proper, or sufficient service of the complaint or writ has been made on the corporation in accordance with law, and therefore this court is without jurisdiction over the defendant to proceed with this cause of action."

The order of the court below overruling defendant's preliminary objections as to the jurisdiction of the court is affirmed.