## Denby v. Echo Falls Farm, Inc.

*Donald W. Van Artsdalen,* for plaintiff.

*Jonathan D. Dunn,* for defendant.

SATTERTHWAITE, J., August 14, 1959.—The narrow question presently raised in this assumpsit action is the determination of the effective date of substituted service of a complaint within the meaning of Pa. R. C. P. 1026 which allows 20 days thereafter within which to file a defense. The problem arises on defendant's application to strike off a default judgment for want of an answer, on the ground that the entry thereof was premature and hence unauthorized.

Defendant is a Pennsylvania corporation. Upon filing the complaint, plaintiff applied to the court for leave to make service thereof under Pa. R. C. P. 2180(c), alleging facts which would negative the possibility of finding any person, office or place of business of defendant upon whom or at which service could be made in compliance with Pa. R. C. P. 2180(a) or (b), since defendant, notwithstanding its status as a domestic corporation, maintained no such office or place of business within the Commonwealth. On July 25, 1958, the court accordingly ordered that the complaint "be served by the Sheriff of Bucks County mailing by registered mail directed to the Secretary of the

Commonwealth a true and correct copy of said Complaint, with notice endorsed thereon to plead to the same within twenty days from the service thereof; and by mailing by registered mail to the Defendant, Echo Falls Farms, Inc., addressed to the registered office of said corporation at Meetinghouse Lane, New Hope, Bucks County, Pennsylvania, a true and correct copy of said Complaint similarly endorsed with notice to plead."

The Sheriff's return recited in relevant part as follows:

"August 1st, 1958, served the Secretary of the Commonwealth of Pennsylvania, . . . by sending to him by Registered letter, Postage Prepaid, to Harrisburg, Pennsylvania, a true and attested copy of the within Plaintiff's Complaint in Assumpsit, Plaintiff's Petition for Service Under Pa. Rule of Civil Procedure No. 2180(c) and Order, with a notice endorsed thereon to the defendant to file an answer within twenty days from service hereof; . . . [together with a certain filing fee] . . . and have his registered return receipt hereto attached.

"August 1st, 1958, served Echo Falls Farms, Inc., the within named defendant, by sending to them by Registered Letter, Postage Prepaid, to New Hope, Pennsylvania, a true and attested copy . . . [of the complaint, etc. as above] . . . endorsed with the service upon the secretary of the Commonwealth of Pennsylvania, by Registered mail . . . and have their registered return receipt hereto attached."

Affixed to the paper upon which the above return was recited by the sheriff were two registered mail return receipt cards, one signed by a representative of the Secretary of the Commonwealth, stating the date of delivery to be August 4, 1958, and postmarked in Harrisburg at 11:30 a. m. of that date, and the other signed by one W. Putnam, showing delivery on

"8-5-58," and postmarked in Chester, N. J., at 5 p. m. on August 5, 1958. The registered article represented by the latter receipt apparently had been forwarded to the Chester, N. J., post office by the postal authorities, as the sheriff's receipt from the Doylestown (mailing) post office, also attached, showed the same to have been directed to defendant corporation at the New Hope address stated in the above recited order of court and sheriff's return.

On August 22, 1958, the twenty-first day after the *mailing* of said registered letter but only 17 and 16 days respectively after the *delivery* thereof according to the return receipts, plaintiff caused judgment to be entered "for failure to file an answer to plaintiff's Complaint with 20 days from date of service thereof," and the prothonotary duly assessed damages in accordance with the praecipe therefor.

On October 29, 1958, a general appearance was entered for defendant, followed two days later by the within application to strike off the default judgment, as well as certain separate preliminary objections going to the substantive propriety of the action. The latter questions were not included in the petition to strike off the judgment and were not argued in support thereof. Hence, we are not now called upon to decide whether the complaint fails to be self-sustaining, and, if so, whether that conclusion itself would be grounds for relieving against the default judgment under the principles set forth in such cases as Downes v. Hodin, 377 Pa. 208, 214; Ehrenzeller v. Chubb, 171 Pa. Superior Ct. 460, 461, 462.

Preliminarily, it should be noted that we are not confronted with any problem of jurisdiction. Defendant does not attack the mode of service under Pa. R. C. P. 2180(c), and makes no challenge to the manner in which it was effected. The service therefore was good and conferred jurisdiction upon this court: Com-

monwealth ex rel. Truscott v. Yiddisher Kultur Farband, 378 Pa. 383. Indeed, any possible question relative to the validity of the service was completely obviated by the subsequent entry of a general appearance on defendant's behalf.

The determination of the effective time of the service, however, still remains for disposition. Curiously, no reported Pennsylvania decisions on this precise question have been found either by counsel or by the court.

Pa. R. C. P. 2180(c), applicable to actions in which corporations are defendants, reads as follows:

"(c) If service cannot be made under any of the methods set forth in subdivision (a) or (b) of this rule, the court upon petition shall authorize *service by registered mail directed to* the Secretary of the Commonwealth and to the corporation or similar entity at its last registered address or principal place of business, or by publication as the court may direct." (Italics supplied.)

The legislative precedent for this rule, insofar as it pertains to the instant matter of service of process upon a domestic corporation which has ceased to maintain an office in this Commonwealth and none of the officers of which can be found therein, is the Act of May 10, 1923, P. L. 197, sec. 1, 12 PS §1311, suspended by Pa. R. C. P. 2200. That act required that under such circumstances process should be served "upon the Secretary of the Commonwealth, whose duty it shall be to mail the process served upon him to the last known address of the corporation."

Pa. R. C. P. 2180(c), while continuing the practice of substituted service through a designated State official in this situation, alters the mechanics thereof by relieving the Secretary of the Commonwealth of the purely ministerial duty of attempting to give notice to the corporation of the pendency of the suit and, in

lieu thereof, requires the sheriff to do so. In this respect, Pa. R. C. P. 2180(c) adopts the procedure prescribed by the legislature in the Act of May 14, 1929, P. L. 1721, sec. 2, 75 PS §1202, relating to service upon nonresident operators of motor vehicles; the Act of May 7, 1935, P. L. 130, sec. 2, 2 PS §1411, relating to service upon nonresident aviators; and the Act of July 2, 1937, P. L. 2747, sec. 2, 12 PS §332, relating to service upon nonresident owners of real estate, all of which statutes have been suspended by Pa. R. C. P. 2100 and are now substantially incorporated in Pa. R. C. P. 2079 in the chapter of the rules relating to defendants who are nonresidents.

The language of Pa. R. C. P. 2180(c), however, notwithstanding its apparent intent to adopt the same general and over-all scheme, differs in a material respect from that used in said statutes and in Pa. R. C. P. 2079, which now supplies them. The Acts of 1929, 1935 and 1937, and Pa. R. C. P. 2079, supra, all provide that process shall be served *by sending* (or by having the sheriff *send*) by registered mail to the Secretary and the last known address of defendant. Stated otherwise, it might well be argued that they regard the very act of *dispatching* the registered mail process as the event which legally constitutes service, assuming the other technical requirements be met. At least one lower court seems to have tacitly so assumed, although such assumption was unnecessary to its decision. See Webb v. Link, 70 D. & C. 51, 56.

By way of contrast, however, as emphasized in the quotation of Pa. R. C. P. 2180(c), supra, the latter rule authorizes "service by registered mail directed to" the Secretary and the last registered address or principal place of business of defendant. Reference to "sending", or any other specific and equivalent incident, is totally lacking, and the bare concept of "service" is left unqualified. In other words, the rule

in question specifies the general manner in which "service" may be had, but in no way itself indicates that any particular feature thereof short of actual delivery should be legally considered as accomplishing the same.

It is true in the instant case that the sheriff literally complied with the order of court of July 25, 1958, by returning that he had made service by "mailing" (sending) the process in question by registered mail; to the extent that said order be thought to define "mailing" as the effective incident of service, however, it would seem to have been improvidently entered and amounted to an unwarranted advance upon the authority conferred by Pa. R. C. P. 2180(c) in view of the phraseology thereof just mentioned. The language of the return would seem to be more in keeping with the former requirements of the several statutes above referred to, rather than those of the applicable provisions of Pa. R. C. P. 2180(c).

It is also true that Pa. R. C. P. 2180(c) does not expressly contemplate that the registered mail return receipts be attached to or made a part of the sheriff's return. We need not, however, indicate any opinion as to the possible disposition of defendant's motion to strike had the sheriff not attached the receipts and instead had returned merely that on August 1, 1958, he had served defendant corporation by registered mail directed to the Secretary of the Commonwealth and to the corporation at its last registered address or principal place of business. In such a situation, the sheriff's return would not have been inconsistent on its face with the idea that actual delivery of the registered mail process had been made as of the time stated for the service.

Under such circumstances, it is not inconceivable that defendant would have been precluded by the historic rule of sanctity of the sheriff's return from

showing that in fact such delivery was not made; in such event, defendant's remedy in the pending action might well have been .confined to an application to open the judgment on equitable considerations, such as lack of a reasonable time after receipt within which to prepare and file an answer. Be that as it may, such is not the case presented by the within record. Here the sheriff's return itself shows. that. delivery was not effected on August 1, 1958, the purported date of service.

We apprehend that. the term "service", particularly in the sense of the effective time thereof within the contemplation of Pa. R. C. P. 1026 delimiting. the period within which response must be made thereto, necessarily means actual personal delivery *and receipt* of the process, unless a statute, or rule of court having the effect thereof, unequivocally provides otherwise. As noted in Heaney v. Mauch Chunk Borough, 322 Pa. 487, 490:

"The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction 'of the court in which the action was commenced, upon · the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method' as to service has been promulgated by the legislature." (Italics supplied.)

In the situation disclosed by the instant record, the legislature, directly by the Act of 1923, supra, and indirectly by Pa. R. C. P. 2180(c), through the power delegated to the Supreme Court, has exercised its inherent control over domestic corporations by effectively dictating that the Secretary of the Commonwealth in the relevant circumstances shall be the agent or representative of such a corporation throughout the

State for purposes of service of process, with further provision for a reasonable attempt to give notice of the pendency of the action, not service in the legal sense, to the corporation itself in order to afford constitutional due process. This statutory scheme has altered the common law requirements that service must be made within the jurisdiction of the particular court and that it must be effected upon the executive officers of the corporation personally. But the provisions for substituted service in this connection do not modify the general and inherent concept that process should actually be recived by someone on defendant's behalf.

"Irrespective of the terms employed, since substituted service is a departure from the common law, provisions therefor must be construed in a manner consistent with a purpose to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend": Robinson v. Robinson, 362 Pa. 554, 559.

We conclude that the within service was effective at the very earliest only when received by defendant's statutory agent, the Secretary of the Commonwealth, on August 4, 1958. Whether or not it was also dependent upon receipt by someone at the last registered address or principal place of business of the corporation, we need not decide. In this connection, it must be remembered that sections 306 and 307 of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §§2852-306, 2852-307, require that a corporation not only have and maintain a registered office within this Commonwealth, but also that any change thereof be filed with the Department of State. If these provisions not be met, the corporation could scarcely be heard to maintain that service was not effective upon it until actually and belatedly received at some unascertainable location elsewhere. We do not under-

stand defendant seriously to contend otherwise. It obviously could not take advantage of its own default or evasive conduct. Compare Wax v. Van Master, 124 Pa. Superior Ct. 573.

Since service herein was not effected at least 20 days before the entry of the default judgment, Pa. R. C. P. 1026 was not met, there was no legal authority for the entry thereof and it must be stricken off. Although we fully agree with plaintiff that defendant has shown no compelling equities or explanation for its delayed application for relief which would have justified our *opening* the judgment had it been regularly entered, again such is not the situation with which we are confronted. Plaintiff necessarily is himself relying upon a technical position. Having taken a "snap" judgment at the very earliest opportunity therefor even under his own interpretation of the law, he necessarily must stand or fall on the correctness of that interpretation. When it be remembered that the question could have been entirely avoided had he waited only four or five more days, and that the advantage of the judgment was entirely gratuitous so far as he was concerned, and was not adversarily established on the merits, much of the sympathetic appeal of his situation disappears.

In any event, the objection of laches does not obtain in support of a void judgment: Commonwealth v. Miller, 189 Pa. Superior Ct. 343. Compare the facts and the result in Webb v. Link, 70 D. & C. 51, where a default judgment in a trespass case was stricken off for noncompliance with the Nonresident Motorist Act of 1929, supra, on the application of defendant months after the entry thereof and even after a trial to assess damages of which defendant also had notice. See also Idzik v. First German Sport Club Phoenix, 392 Pa. 105, where judgment for want of an appearance was stricken off for noncompliance with Pa. R. C. P.

2082 requiring a further formal cautionary notice of intention to enter such a judgment against nonresident defendants who have been served only by substituted service, and note that this result obtained notwithstanding that defendants admittedly did receive a copy of the complaint and had actual knowledge of the suit prior to judgment.

## Order

And now, August 14, 1959, for the reasons set forth in the foregoing opinion, defendant's rule to show cause entered on October 31, 1953, is hereby made absolute, and the within mentioned judgment entered August 22, 1958, is hereby stricken from the record.