Idzik, Appellant, *v.* First German Sport Club Phoenix.

Argued January 13, 1958.   Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Harold Berger,* with him *Walter Stein,* and *Berger and Gelman,* for appellant.

*W. Glenn George,* with him. *Donald E. Hogeland, David F. Maxwell,* and *Edmunds, Obermayer & Rebmann,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, March 17, 1958:
On July 22, 1955, Alexander J. Idzik filed a complaint in trespass against First German Sport Club

Phoenix and Joseph Heim and Lillian Heim to recover damages for injuries allegedly sustained on certain premises in Philadelphia owned by the defendants Heim and occupied on the second floor by the Sport Club. This appeal directly affects only the defendants Heim who were non-residents of the Commonwealth.

It was agreed by stipulation executed by counsel for all parties that Joseph and Lillian Heim ". . . were served with notice of institution of instant action and copy of Complaint by Registered Mail sent by Sheriff of Philadelphia County to Secretary of the Commonwealth, Harrisburg, Pa., and to Joseph Heim and Lillian Heim at 1250 13th Ave., St. Petersburg, Florida. Return Receipt signed by said Joseph Heim, and Lillian Heim are attached to record in this case." This service was in accord with Pennsylvania Rule of Civil Procedure 2079(a) which requires personal service or service by registered mail on the Secretary of the Commonwealth with notice to defendants by registered mail. On September 22, 1955 plaintiff caused judgment to be entered in his favor against the individual defendants Heim for want of an appearance. Thereafter the Heims appeared and moved by petition to strike off the judgment against them on the ground that plaintiff had failed to comply with Procedural Rule 2082 requiring notice of intent to take judgment against a non-resident defendant.

Rule 2082 provides as follows: "No judgment shall be entered against a defendant who has not been *personally served* or who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or special order shall direct." (Emphasis supplied).

The defendants Heim contended that since they were not personally served under Rule 2079(a), it was necessary that plaintiff give to them the notice required by

Rule 2082. It is admitted that no such notice was given. The court below upheld this contention and granted the motion to strike off. This appeal by the plaintiff followed.

Appellant contends that the words "personally served" as used in Rule 2082 mean the "actual delivery of the complaint or a copy thereof to the person to whom it is directed", and that this was accomplished through the original service of a copy of the complaint by registered mail, admittedly received by the individual defendants as evidenced by their signatures on the return card receipts.

We agree with the court below that this contention is not tenable. In the first place, the words "personally served" have a definite legal meaning which is in contradistinction to service by registered mail or publication. In 72 C.J.S., Process, §26, p. 1026 it is stated: "Personal service ordinarily means actual delivery of the process to defendant in person, and does not include service by leaving a copy at his usual place of abode, or his home, or at his office, or by delivery to some one else for him, although, as used in some statutes, the term 'personally served' has been held to include such service and to be used in contradistinction to service by publication or by mail. . . ." In *Heaney v. Mauch Chunk Borough et al.*, 322 Pa. 487, 185 A. 732, we said, p. 490: ". . . The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature. We stated in Davidson v. Bright, 267 Pa. 580, that

statutes in derogation of the common law must be construed strictly and only such modification of the law will be recognized as the statute clearly and definitely prescribes. We have held that a statute will be interpreted to accord as nearly as possible with the rules existing at the time of its enactment (March v. Philadelphia and West Chester Traction Company, 285 Pa. 413, 415), and that, in interpreting a statute, we must observe the rule that it must be construed as an integral part of the whole structure affected and not as a distinct and separate matter having an independent meaning of its own: West v. Lysle, 302 Pa. 147, 150."

Under Procedural Rule 1009 in addition to actual service within the Commonwealth upon the defendant personally, service may be made by handing a copy to an adult member of the family with which he resides, or to an adult person in charge of such residence at which he resides, or to the clerk or manager of hotel or apartment house, etc. at which he resides, or to his agent or person in charge of office or usual place of business. Whether service upon the prescribed persons enumerated in Rule 1009 may or may not be technically deemed personal service, it is an entirely different form of service than service by registered mail. The difference between personal service under 1009 and service by registered mail is recognized in Rule 2079(a) by use of the disjunctive "or" when it provides for service "upon the defendant personally *or* by . . . registered mail". (Emphasis supplied). Rule 2082 is in pari materia with Rule 1009 and Rules 2076 to 2100 relating to non-residents, and the words "personally served" are to be given the same meaning as the words "served personally" in 2079(a). The purpose of Rule 2082 is to afford additional protection to a non-resident defendant against a default judgment. Service by registered mail is sufficient to acquire juris-

diction over a non-resident defendant whether or not a copy of the writ or complaint is actually delivered to him. He may or may not receive notice of the suit. It is possible that the copy of the writ or complaint may never reach him. It may be received by a third person who signs the return card receipt for the defendant but who in fact fails to deliver the registered letter to him. As stated in the Commentary to Rule 2082: "Only in the case where the copy of the writ sent the non-resident . . . property owner has been returned by the postal authorities will it be apparent to the plaintiff and to the court in which the action is pending that the defendant has not received notice. In all the other instances, all that the plaintiff and the court can tell is that steps were taken *which in all probability* resulted in giving the defendant actual notice. If the defendant appears in the action, it is obvious that he did receive the notice. If he has not appeared there is no certainty that he received actual notice, except in the case when the defendant is a non-resident . . . property owner and the copy of the writ sent him has been accepted and the signature on the return receipt is *in fact* the signature of the defendant.

"In order to eliminate *the doubt* that thus exists when the defendant is not *personally served and has not appeared,* Rule 2082 requires that before judgment may be entered in the plaintiff's favor he must give the defendant such additional notice as the court by general rule or special order shall direct. . . ." (Emphasis supplied). As well said by Judge STALEY of the Court of Appeals of the Third Circuit in *Tozer et al. v. Charles A. Krause Milling Co.,* 189 F. 2d 242, Rule 2082: ". . . is a further manifestation of the public policy in Pennsylvania that every effort must be made, both before and after the entry of judgment, that the defendant be actually before the bar of the court

so that issues may be decided on their merits." (Footnote 5).

It so happens in the instant case that defendants admit that they received the copy of the complaint, although in passing it may be noted that this admission by the stipulation was subsequent to the entry of judgment. The fact that it is later proven that the particular defendant may have had "actual notice" at the time judgment was entered does not satisfy the purpose of the rule which is to relieve the court and the plaintiff as far as possible of any doubt as to whether or not the defendant had timely notice prior to the *entry of the judgment*. The rule in question does not require actual notice to the defendant but requires a final and additional attempt to advise defendant that an action has been instituted and that judgment is about to be entered against him in an attempt to dispel any doubt as to such knowledge where the defendant has not appeared or has not been personally served. In the instant case the defendants Heim had not appeared nor had they been personally served at the time judgment was entered. Consequently they were entitled to the notice prescribed by Rule 2082.

Order affirmed at appellant's cost.