Charles F. Luppold, Inc. *v.* Livingood et ux., Appellants.

Argued September 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Calvin Lieberman,* with him *Clement James Cassidy,* and *Lieberman and Cassidy,* for appellants.

*Raymond C. Schlegel,* with him *Donald K. Bobb, George B. Balmer,* and *Snyder, Balmer & Kershner,* for appellee.

OPINION BY FLOOD, J., November 16, 1961:

This is an appeal from the refusal of the court below to strike from the record the judgment entered against defendant Sidney A. Livingood, individually, for failure to file an answer. He contends that the judgment entered against him individually is invalid because he was not personally served and no notice was given to him in accordance with the Berks County Rule of Court adopted to implement Pa. R. C. P. 2132(c). Rule 2132(c) provides: "No judgment shall be entered against a partner individually named in the action who has not been personally served or who has not appeared as a party or as a witness in the action until the plaintiff has given such partner such notice of the pendency of the action as the court by general rule or special order shall direct."

The return of the sheriff reads as follows:

"Served the within Complaint Assumpsit upon the within named defendants, doing business as Fourth & Penn Diner as follows: December 13, 1960, at 10:20 a.m. (E.S.T.), upon Dorothy E. Livingood, personally;

"Eo die, at the same time, upon Sidney A. Livingood, 'by handing to Dorothy E. Livingood, his wife, an adult member of his family, two (2) certified copies thereof at their usual place of business, Fourth & Penn Diner, 421 Penn Street, Reading, Berks County, Pa., and making known to her the contents thereof.' So answers Harold A. Yetzer, Sheriff of Berks County, Pa."

Service upon Sidney A. Livingood by handing a copy of the complaint to his wife at his place of business is not valid under Pa. R. C. P. 1009(b) unless she is his agent or is in charge at that place. The return does not show that she was in charge of the business premises and there is nothing in the record to show that she was. However, if she was his partner, she was his agent (Uniform Partnership Act of March 26, 1915, P. L. 18, §9, 59 P.S. §31), and service upon her at his place of business would be good service upon him individually, not only under Pa. R. C. P. 2131(a) but also under Pa. R. C. P. 1009(b)(2)(iii).

While the return may not be contradicted, it may be read with the caption which is really part of it. It appears, from the caption of the case, that the wife was her husband's partner. Pa. R. C. P. 2128(a). The words "doing business as" are identical in meaning with "trading as" in this connection. The caption shows that Dorothy, Sidney's wife, was also his business partner in the business carried on at the place where service was made. This is borne out by the allegation of the complaint, a copy of which was served by the sheriff, to the effect that, the defendants are "jointly engaged in the operation of said diner". The statements in the caption and the complaint that the defendants were "doing business" as Fourth and Penn Diner is a clear indication that they were not merely owners of the business as tenants by the entireties or otherwise, or that they were merely sharing the profits of the business (cf. Uniform Partnership Act, supra, §7(2), 59 P.S. §12(2)), but that they were carrying on the business for profit, and were partners. Uniform Partnership Act, supra, §6(1), 59 P.S. §11(1).

We therefore have a situation where it appears upon the record that service was made upon Sidney Livingood's partner at the partnership place of business. This service upon defendant Sidney Livingood

individually went beyond the requirements of Pa. R. C. P. 2131(a) which would be satisfied by service upon a partner anywhere in the county. Since the service was made upon his partner at his place of business, the requirements of Pa. R. C. P. 1009(b)(2)(iii) have also been met.

Since we conclude that there was good service upon Sidney A. Livingood individually under Pa. R. C. P. 1009(b), the only remaining question is whether he was "personally served" as that phrase is used in Pa. R. C. P. 2132(c).

The meaning of the words "personally served" in this connotation have not been finally determined by our appellate courts. However, the Supreme Court has thrown light upon the question in *Idzik v. First German Sport Club Phoenix*, 392 Pa. 105, 140 A. 2d 106 (1958). This was a suit against a nonresident real estate owner, begun by service upon the Secretary of the Commonwealth and upon the defendants in Florida by registered mail. Pa. R. C. P. 2082, requiring notice to a defendant in such case before judgment is taken against him, is substantially identical with Pa. R. C. P. 2132(c). The Supreme Court said, at page 107 (140 A. 2d at page 108): "[T]he words 'personally served' have a definite legal meaning which is in contradistinction to service by registered mail or publication. In 72 C.J.S., Process, §26, p. 1026, it is stated: 'Personal service ordinarily means actual delivery of the process to defendant in person, and does not include service by leaving a copy at his ... home, or at his office, or by delivery to some one else for him, although, as used in some statutes, the term "personally served" has been held to include such service and to be used in contradistinction to service by publication or by mail ...' 'We stated in Davidson v. Bright, 267 Pa. 580, that statutes in derogation of the common law must be construed strictly and only such modification of the law

will be recognized as the statute clearly and definitely prescribes. We have held that a statute will be interpreted to accord as nearly as possible with the rules existing at the time of its enactment . . . and that, in interpreting a statute, we must observe the rule that it must be construed as an integral part of the whole structure affected and not as a distinct and separate matter having an independent meaning of its own . . .'

"Under Procedural Rule 1009 in addition to actual service within the Commonwealth upon the defendant personally, service may be made by handing a copy to an adult member of the family with which he resides, or to an adult person in charge of such residence at which he resides . . . or to his agent or person in charge of office or usual place of business. Whether service upon the prescribed persons enumerated in Rule 1009 may or may not be technically deemed personal service, it is an entirely different form of service than service by registered mail. The difference between personal service under 1009 and service by registered mail is recognized in Rule 2079(a) by use of the disjunctive 'or' when it provides for service 'upon the defendant personally *or* by . . . registered mail' . . . Rule 2082 is in pari materia with Rule 1009 and Rules 2076 to 2100 relating to non-residents, and the words 'personally served' are to be given the same meaning as the words 'served personally' in 2079(a)."

In view of the fact that Pa. R. C. P. 2132(c) is substantially identical with Pa. R. C. P. 2082, the words "personally served" should be construed to have the same meaning in both rules. Cf. Pa. R. C. P. 128(d) which provides that "if the Supreme Court has construed the language used in a rule or statute, the Supreme Court in promulgating a rule on the same subject matter which employs the same language intends the same construction to be placed upon such language . . ."

The court noted the substantial probability that service by registered mail may not result in actual notice to the defendants, and held that the defendants in the case it was considering had not been "personally served" as those words are used in Pa. R. C. P. 2082 and that therefore failure to give them notice of intent to take the judgment invalidated the judgment under that rule.

It seems clear that by the language quoted above from its opinion, the Supreme Court indicated that a plaintiff is "personally served" as that phrase is used in Pa. R. C. P. 2082 and 2132(c) when service is made upon him, for example, by leaving a copy at his residence with an adult member of the family or with an agent of the defendant or with a person for the time being in charge of any office or usual place of business of the defendant, as distinguished from what is usually called substituted service by registered mail or publication.

We conclude that Sidney A. Livingood was personally served in this action and that the default judgment against him individually was properly entered, so far as the record shows, and should not be stricken. It may be that if it had been necessary to go outside the record to complete this return, a verified petition by the sheriff and an amendment would have been necessary. *Warren v. Williams,* 370 Pa. 380, 88 A. 2d 406 (1952). However, we agree with the court below that where the record shows that proper service was made even though the return does not properly indicate the capacity of the person served, a judgment based upon such service will not be invalidated, and that therefore an amendment to the return is a mere formality which may be dispensed with in view of the state of the record. Cf. *Liberal Credit Clothing Co. v. Tropp,* 135 Pa. Superior Ct. 53, 4 A. 2d 565 (1939).

Order affirmed.