Drury, Appellant, *v.* Zingarelli.

6

Argued March 20, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Lawrence Corson,* with him *Max Meshon,* and *Eilberg, Meshon & Brener,* for appellant.

*Alexander Schamban,* for appellee.

OPINION BY MONTGOMERY, J., April 12, 1962:

Plaintiff-appellant has appealed from an order opening a judgment entered in his favor in default of an ap-

pearance by defendant-appellee and her husband who is now deceased. The action of the lower court was based upon appellee's petition and appellant's answer thereto, no deposition in support of either having been taken. The petition of appellee, surviving defendant, sets forth facts which, if proven, would constitute a defense to appellant's claim and also alleges that "Neither of the defendants, petitioner or her late husband, received notice at any time, of the institution of the action nor were served personally with the Complaint." This statement was later qualified to mean until process in the nature of a writ of fieri facias was executed upon petitioner's goods on or about November 30, 1959.

The complaint was filed March 26, 1957, the sheriff's return shows service on April 5, 1957, judgment was entered in default of an appearance on May 28, 1957, there was a pre-trial conference in defendant's absence before HAGAN, President Judge, and a trial was held November 16, 1959 before FLOOD, President Judge (now of this Court), without a jury, also in defendant's absence, for the purpose of assessing damages, at which time damages were assessed at $2,000. The writ of execution issued November 24, 1959, and the petition to open judgment was filed December 15, 1959.

The sheriff's return shows service upon appellee as follows:

"Served and made known to Concetta Zingarelli the within named defendant by handing a true and attested copy of the within complaint to Mrs. Zingarelli an adult member of the family of said defendant, who stated that her relationship to said defendant, is that of Mother in law, on 4-5, 1957, at 10:30 o'clock, A.M., Eastern Standard Time, at 2053 Emily St., in the County of Philadelphia, State of Pennsylvania, the dwelling house of said defendant."

Service upon appellee's husband was made in the identical manner at the same time.

Appellee, in her petition, alleges that Mrs. Zingarelli, her mother-in-law, was not a resident or member of her household on the day of service. However, she does not allege that Mrs. Zingarelli was not in charge of the residence at that time.

Upon service of a "Request for Admissions" under Pa. R. C. P. 4014(a) and Pa. R. C. P. 1019(g) appellant filed the following:

"That there is no notation in the record . . . showing the entry of an order by the Court directing the plaintiff to give the defendants notice of the plaintiff's intention to enter judgment against them by default, or, any notation . . . showing that the plaintiff informed defendants of the entry of judgment by default."

However, appellant qualified this admission by the following:

"It is denied, however, that defendants did not have notice that plaintiff intended to enter judgment against them or that defendants did enter judgment against them. On the contrary, it is averred that defendants and their counsel, Israel Steifel, Esquire, discussed this case with plaintiff's attorneys and exchanged correspondence with regard to same."

The lower court, in its opinion, stated that plaintiff had the right to enter judgment by default under Pa. R. C. P. 1047, thus recognizing the legality of the service, but allowed the judgment to be opened because of the alleged meritorious defense and the fact that no notice had been given to the defendants of the trial for the assessment of damages, making references to Pa. R. C. P. 2082.

Since this is a motion to open judgment and not a proceeding to strike it off or to invalidate the sheriff's return, we are in accord with the view taken by the lower court that so far as this proceeding is concerned the judgment as entered by default was a valid one, regardless of any technical omissions in the sher-

iff's return which is amendable. *Rogers v. Metropolitan Life Ins. Co.*, 99 Pa. Superior Ct. 505. Further, we are not persuaded by the appellee's contention that because her mother-in-law did not reside permanently with her and her husband that she did not deliver the copies of the complaint to them, as one in charge of the residence might be expected to do. If she were in charge of the premises the Rules of Civil Procedure did not require her to live there permanently to accomplish said service.

Defects in service may be waived by delay, *Selmer v. Smith*, 285 Pa. 67, 131 A. 663; and by participance in the case, *Daley v. Iselin*, 212 Pa. 279, 61 A. 919; *Loeb v. Allen*, 32 Pa. Superior Ct. 137. In our present case appellee has not only asked leave to present a defense, but has filed an answer on the merits since the judgment was opened, which clearly indicates that she is not questioning the jurisdiction of the court because of improper service. Her contention is solely that she had no knowledge of the suit until the time of execution.

However, we are not in accord with the lower court in its view of the application of Pa. R. C. P. 2082 to the present situation. That rule applies only to "Defendants who are nonresidents or conceal their whereabouts." We find nothing in the Rules of Civil Procedure requiring notice to be given to a party against whom a judgment is about to be entered or damages assessed. Rule 1047, providing for judgment in default of an appearance contains no requirement for notice. Further, we find nothing in the Rules of the Court of Common Pleas of Philadelphia County requiring notice to be given to a litigant either before or after a judgment has been entered by default; nor of the trial of the case to assess damages. The printed trial list serves that purpose. Undoubtedly, it would be more considerate of counsel to notify a litigant of

his intention before taking such action; but in this case from the "Admission of Testimony" filed it not only appears that appellee had notice but also that she and her husband were represented by counsel in negotiating a settlement.

Wide discretion is given lower courts in matters of this nature, but we find no case where the exercise of that discretion is based solely on an allegation that the one seeking to have a judgment opened has a meritorious defense. In every case he must also assert a reasonable explanation for his failure to defend. *Downes v. Hodin,* 377 Pa. 208, 104 A. 2d 495; *Britton v. Continental Mining and Smelting Corporation,* 366 Pa. 82, 76 A. 2d 625. Our Supreme Court, in *Minetola v. Samacicio,* 399 Pa. 351, 160 A. 2d 546, affirmed the rule as stated in earlier cases therein cited, viz., " 'To open judgment, the petitioner must not only aver a valid defense but he must also establish equitable considerations which impress the court with the need for relief. . . . .' "

In this present case we fail to find any equitable considerations established by appellee that justify the relief sought.

The order of the lower court is reversed.

WRIGHT, J., would affirm on the opinion of Judge REIMEL for the court below.

FLOOD, J., took no part in the consideration or decision of this case.