## Cowan v. Rubin

456

*Norman Shigon*, for plaintiff.

*E. Dyson Herting*, for defendant.

KELLEY, J., October 3, 1962.—This was an action in trespass, arising out of a motor vehicle accident, which was filed on February 20, 1962. The sheriff made a return of "Not Found" when service was originally attempted. The complaint was reinstated on April 9, 1962.

Thereafter, service was made upon the Secretary of the Commonwealth, the sheriff's return inter alia being as follows:

"Being unable to ascertain the residence of Benjamin Rubin, one of the within-named defendants within the County of Philadelphia or Commonwealth of Pennsylvania, I made known by mailing a registered letter April 19, 1962, a true and attested copy of the within Complaint to Secretary of the Commonwealth at Har-

risburg, Pennsylvania, the return receipt being hereto attached and made part of the return.

"Receipt of certified mail—April 19, 1950.

"Return receipt—April 23, 1962."

On May 10, 1962, judgment was entered in favor of plaintiffs against defendant for want of an appearance.

On May 24, 1962, defendant, by his counsel, filed an entry of appearance and a demand for a jury trial.

On June 5, 1962, defendant filed interrogatories for answer by plaintiffs.

On June 6, 1962, defendant filed a rule to strike the judgment.

On June 6, 1962, plaintiffs filed a motion for a protective order as to defendant's interrogatories.

Defendant's rule to strike the judgment, plaintiffs' rule to strike defendant's demand for a jury trial and plaintiffs' motion for a protective order are all now before this court for determination.

Relative to defendant's motion to strike the judgment, it is contended by him that service was made on the Secretary of the Commonwealth on April 23, 1962, the date of receipt of the complaint and that, therefore, 20 days had not elapsed prior to the entry of judgment on May 10, 1962.

On the other hand, plaintiffs argue that service was made on the Secretary of the Commonwealth on April 19, 1962, the date that the sheriff *mailed* the complaint to the Secretary, and that, accordingly, more than 20 days had elapsed before the default judgment was taken.

Rule 2079(a) of Pa. R. C. P., prescribing the manner of service of process on a defendant who is a nonresident or conceals his whereabouts, provides that, ". . . process may be served upon the defendant personally or by having the sheriff of said county send by

registered mail, return receipt requested, a true and attested copy of the process: (1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and (2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

The precise issue before us then is whether service under rule 2079(a) is effective on the mere mailing of the complaint or whether effective service necessitates actual delivery and receipt. We address ourselves to service on the Secretary of the Commonwealth and not to the notice requirement prescribed by Rule 2079(a) as regards mailing a copy of process to the last known address of defendant. We recognize that receipt of notice by said defendant is not necessary to effectuate service: Radlbeck v. Miller, 11 Bucks 40 (1961). However, if service is incomplete until received by the Secretary of the Commonwealth, then the entry of the judgment by plaintiffs was premature and invalid.

Rule 2079(a) states that a true and attested copy of the process is to be sent by ". . . registered mail, return receipt requested." Moreover, Rule 2080 also requires the sheriff to attach to the return the return receipt. Thus the rules themselves contemplate receipt by the Secretary and, indeed, require the return receipt to be attached to the sheriff's return. Pennsylvania Rule of Civil Procedure 127(b) states that: "Every rule shall be construed, if possible, to give effect to all its provisions . . ." We must assume, therefore, that the provisions regarding receipt are meaningful and should be given effect.

In Denby v. Echo Falls Farm, Inc., 20 D. & C. 2d 477 (1959), the court considered service upon a corporation under Rule 2180(c), which provides for service by registered mail directed to the Secretary of the Commonwealth, and concluded that service was

effective only when received by the Secretary of the Commonwealth. The court there stated:

"We apprehend that the term 'service,' particularly in the sense of the effective time thereof with contemplation of Pa. R. C. P. 1026 delimiting the period within which responses must be made thereto, necessarily means actual personal delivery and receipt of the process, unless a statute, or rule of court having the effect thereof, unequivocally provides otherwise."

Thus, we conclude that receipt by the Secretary of the Commonwealth is required to complete service and that the 20 day period allowed under Rule 1045 (c) for the entry of appearance does not begin to run until such receipt. Since the Secretary did not receive the copy of the process until April 23, 1962, the judgment was entered prematurely 17 days thereafter and is invalid.

There is still another reason why the judgment cannot stand. Pennsylvania Rule of Civil Procedure 2082 provides:

"No judgment shall be entered against a defendant who has not been *personally served* or who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or special order shall direct."

Since there was no notice of the character required under Pa. R. C. P. 2082, the judgment also for that reason is invalid: Idzik v. First German Sport Club Phoenix, 392 Pa. 105 (1958).

Judgments in default of appearance are not upon the merits and cannot stand unless the procedure laid down is followed exactly. Accordingly, the judgment will be stricken off.

Plaintiff's motion for a protective order regarding defendant's interrogatories rests on the premises that, judgment having been entered, questions directed to the issue of liability are not proper. In view of our dis-

460

position of defendant's rule to strike the judgment, plaintiffs' motion must be dismissed.

The remaining issue for our determination is plaintiffs' rule to strike defendant's demand for a jury trial. Defendant's demand was filed on May 24, 1962, in the form of a praecipe.

Pennsylvania Rule of Civil Procedure 1025★(b), adopted pursuant to the Act of June 25, 1937, P. L. 2090, 12 PS §695, requires defendant to demand a jury trial within the time limited by law for pleading. Since defendant filed his demand more than 20 days after service of the complaint, the time allowed by Pa. R. C. P. 1045 to plead to a complaint in trespass, he has waived his right to a jury trial. Therefore, defendant's demand for a jury trial is denied.

*Order*

And now, October 3, 1962, defendant's rule to strike the judgment is made absolute, and the judgment entered May 10, 1962, in favor of plaintiffs and against defendant is stricken from the record; plaintiff's rule to strike defendant's demand for a jury trial is made absolute, and defendant's motion for a protective order is dismissed.