## Rosenfeld v. W. B. Gibson Co.

*Bernard Goldstone,* for plaintiff.
*George Rowley,* for defendant.

ACKER, J., April 5, 1968.—The matter for determination is whether a petition to open judgment on behalf of defendant should be granted.[1] The case arises

---

[1] Although the better practice is to petition for a rule to show cause, the petition is decided on its merits.

from a personal injury to plaintiff resulting from a fall along a public street in the City of Sharon when she in some manner came in contact with a wood barricade on January 19, 1967. A hearing was held and testimony taken. The court finds the following facts.

1. An action in trespass was commenced by plaintiff in the Court of Common Pleas of Mercer County, Pa., on November 28, 1967.

2. On December 21, 1967, plaintiff filed a praecipe for a default judgment for the failure of defendant to file an appearance within 20 days of November 30, 1967, and pursuant thereto on that same date a default judgment as to liability was entered against defendant.

3. Defendant-petitioner is an Ohio Corporation having its principal place of business at Post Office Box 430, Warren, Ohio.

4. On or about April 24, 1958, petitioner filed an application for a certificate of authority to do business within the Commonwealth of Pennsylvania with our Corporation Bureau giving as its proposed registered office in care of Army Reserve Training Center at Lamberton Airport, Route 8, Franklin, Venango County, Pa., and its principal office as Warren, Ohio.

5. In the certificate of authority issued by the Commonwealth of Pennsylvania to defendant as a foreign corporation issued at the request of defendant-petitioner, it is provided:

"the said corporation designates the Secretary of the Commonwealth of Pennsylvania, and his successor in office, as its true and lawful attorney upon whom all lawful process and any action or proceeding against it may be served, it agrees that service of process upon Secretary of the Commonwealth *shall be of the same legal force and validity as if served on the corporation,* and that the authority for such service of process shall continue in force as long as any liability remains out-

standing against the corporation in this Commonwealth". (Italics supplied.)

6. Since its registration on or about April 24, 1958, defendant has had 25 additional contracts in Pennsylvania ranging in area from Sharon to Carlisle and Pittsburgh to Franklin, but it has not changed its registered office at any time from the initial registration.

7. Although its address has changed numerous times in the Commonwealth, petitioner has not continued to maintain an office or conduct business at the address given as its registered office since 1958.

8. On January 23, 1967, counsel for plaintiff wrote defendant informing it of the accident and from June 15th to October 23, 1967, counsel wrote to defendant's insurance carrier, General Accident and Insurance Company of Pittsburgh, Pa., concerning possible settlement of the claim. By the last letter from counsel for plaintiff of October 23, 1967, defendant's insurance carrier was informed that if he did not immediately hear from that carrier he would proceed to file suit. Defendant was served with the complaint pursuant to the Act of May 5, 1933, P. L. 364, art. X, sec. 11, as amended, 15 PS §2011, by the Sheriff of Dauphin County by leaving the statutory fee and two copies of the complaint with the Secretary of the Commonwealth on November 30, 1967. This service was made personally by the Dauphin County sheriff upon the Secretary of the Commonwealth, according to his return.

9. On November 30, 1967, the Secretary of the Commonwealth mailed a copy of the complaint to defendant in care of the Army Reserve Center at Lamberton Airport, Route 8, southwest, Franklin, Pa., which was returned marked "refused" and "unknown" on or about December 5, 1967, at 8:30 a.m.

10. Without any attempt to comply with Pennsylvania Rule of Civil Procedure 2082, or Mercer County

Common Pleas Rule L2082, both of which require notice of the pendency of an action before a default judgment may be entered as to a nonresident defendant, judgment was entered against defendant as to liability.

11. The accident occurred on a public street or sidewalk at the intersection of Pitt Street and Shenango Avenue in the City of Sharon, Mercer County, Pa. At the time of the accident there were sidewalks on the north side of Pitt, and the east side of Shenango Avenue, but there were no sidewalks on the south side of Pitt or on the west side of Shenango Avenue. Defendant had placed and maintained at the southwest corner of the said Pitt Street and Shenango Avenue a wooden barricade upon which, in some manner, plaintiff claims to have been injured in the fall on January 19, 1967.

12. Defendant is alleged to have a complete defense to liability in that there were sidewalks in the area of the intersection upon which plaintiff was walking at the time of her fall, but that despite the fact she crossed into the area of no sidewalks when a safer route was available for her on the opposite side of either Pitt Street or Shenango Avenue.

13. Defendant further claims that the barricade would have been plainly visible to plaintiff had she given due attention to where she was walking.

The issues in this case may be basically divided as follows:

1. MUST THE JUDGMENT OBTAINED BY DEFAULT ON THE ISSUE OF LIABILITY BE OPENED AS REQUESTED BY THE DEFENDANT BECAUSE OF THE FAILURE OF THE PLAINTIFF TO COMPLY WITH PA. R. C. P. 2082 OR MERCER COUNTY COMMON PLEAS RULE L 2082?

It is to be noted at the outset that the petition in this case is a motion to open judgment. Therefore, the

language of Drury v. Zingarelli, 198 Pa. Superior Ct. 5 (1962), at page 8, is particularly applicable:

"Since this is a motion to open judgment and not a proceeding to strike it off or to invalidate the sheriff's return, we are in accord with the view taken by the lower court that so far as this proceeding is concerned the judgment as entered by default was a valid one, regardless of any technical omissions in the sheriff's return which is amendable . . ."

Therefore, the sheriff's return is taken as valid and conclusive.[2]

Pa. R. C. P. 2082 states:

"No judgment shall be entered against a defendant who has not been personally served or who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or special order shall direct".

Pa. R. C. P. 2077 sets forth what actions are covered by the chapter captioned "Defendants Who Are Nonresident or Conceal Their Whereabouts", which includes 2082. Rule 2077 states the classification of parties to which the chapter applies.

Using Pa. R. C. P. 2077 it would appear therefore that to require rule 2082 to be followed in this case it must be shown that defendant (1) is a nonresident, (2) is a resident who becomes a nonresident, (3) is a resident who conceals his whereabouts, or (4) is a nonresident individual engaged in business within the Commonwealth.

Defendant relies upon Idzik v. First German Sports Club Phoenix, 392 Pa. 105 (1958), which holds that

---

[2] The sheriff's return fails to disclose that service was made of a copy ". . . attested by the Prothonotary or Sheriff or certified by the plaintiff to be a true copy" as would appear to be required by Pa. R. C. P. 2180(a)(3). In addition the receipt of $5 required for service indicates the monies were paid for service upon the same named defendant in the Court of Common Pleas of Cambria County, December term, 1967, no. 960.

rule 2082 is in pari materia with rule 1009 and rule 2076 to 2100 relating to nonresidents. Further, at page 108, that the words "personally served" are to be given the same meaning as the words "served personally" in 2079 (a). It was held that the purpose of rule 2082 therefore is to afford additional protection to a nonresident defendant against a default judgment. It is to be noted, however, that service was made by registered mail only, while in the instant case actual service was made upon the Secretary of the Commonwealth with registered mail to the registered office of defendant. This case is not held to be controlling.

Subsequently, in 1962 Drury v. Zingarelli, supra, was decided. This action likewise arose from a petition to open judgment entered by default where service was made upon husband plaintiff's mother-in-law who the court found was in charge of the premises at the time of service. It was contended that Pa. R. C. P. 2082 required that additional notice be given husband-plaintiff prior to the entry of a default judgment. There the court held, at page 9:

"That rule applies only to 'Defendants who are nonresidents or conceal their whereabouts.' We find nothing in the Rule of Civil Procedure requiring notice to be given to a party against whom a judgment is about to be entered or damages assessed. Rule 1047, providing for judgment in default of an appearance contains no requirement for notice".[3]

Charles E. Luppold, Inc. v. Livengood, 196 Pa. Superior Ct. 481 (1961) holds at page 487 that pursuant to Pa. R. C. P. 2082:

". . . a plaintiff is 'personally served' . . . when service is made upon him, for example, by leaving a

[3] Interestingly in Fisher v. Kemble Park, Inc., 186 Pa. Superior Ct. 407 (1958), at page 410, Pa. R. C. P. 2082 was held to apply even though defendant was apparently a domestic Pennsylvania corporation.

copy at his residence with an adult member of the family or with *an agent* of the defendant or with a person for the time being in charge of any office or usual place of business of the defendant, as distinguished from what is usually called substituted service by registered mail or publication". (Italics supplied.)

It is agreed by both parties in this case that service on defendant was made pursuant to the Act of May 5, 1933, P. L. 364, art. X, sec. 1011, 15 PS §2011. This act provides:

"Service of process against a qualified foreign business corporation, upon the Secretary of the Commonwealth, shall be made by the sheriff of Dauphin County by leaving the fee the plaintiff is required by law to pay to the Secretary of the Commonwealth for this service, and two copies of the process at the office of the Secretary of the Commonwealth. The sheriff shall make due return of his service of the process to the court . . . issuing the same . . . When legal process against any such corporation has been served upon the Secretary of the Commonwealth, he shall immediately send by mail, postage prepaid, one copy of such process directed to the corporation at its registered office. . . The service of process on the Secretary of the Commonwealth, under this section, shall be of the same legal force and validity as if the process had been served on the corporation, and the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in the Commonwealth".

Mercer County Common Pleas Court Rule L2082 is designed to provide the mechanics for the application of Pa. R. C. P. 2082. It states:

"Unless otherwise ordered by the court, notice shall be given the defendant of the pendency of the action and that a default judgment will be entered against him unless he takes an affirmative action to defend, by

having an attorney at law, other than the attorney for the plaintiff, hand a copy of the notice to the defendant, or by sending the defendant a copy by registered or certified mail to his last known address. Affidavit of service of the notice shall be filed. Default cannot be taken until twenty (20) days or more have elapsed since giving of the notice".

In that the rule is designed specifically for the application of Pa. R. C. P. 2082, it is held that its proper use is limited to those situations outlined in Drury v. Zingarelli, supra., i. e., nonresidents who conceal their whereabouts.

Defendant contends that although it has registered to do business in Pennsylvania it is in fact not a resident. In support of its position it notes that:

1. A foreign corporation is not necessarily taxed or served with process in the same manner as a domestic corporation and that the registration of a foreign corporation does not deprive it of its foreign character.[4]

2. The rule is not limited to nonresidents, but applies to a defendant who has not been personally served.[5]

3. The rule should apply to domestic corporations served by registered mail directed to the Secretary of the Commonwealth.[6]

4. The rule is designed to protect defendants who are not personally served.[7]

-----

[4] Citing Goodrich-Amram 2077(a)-3 and Strosser v. Universal Atlas Cement Company, 28 D. & C. 646 (1937). In this case it was held that a foreign corporation could be served as a nonresident motorist even though registered to do business in Pennsylvania.

[5] This position is contrary to Drury v. Zingarelli, supra, and is not accepted.

[6] This contention is refused because service was made *personally* upon the Secretary of the Commonwealth according to the sheriff's return.

[7] This contention is not followed because of the Drury case, supra, which indicates personal service may be had upon an agent.

5. The Secretary of the Commonwealth does not become a true agent of the corporation because he does not assume the duties of an agent, one of which is to use reasonable efforts to give the principal information relative to his affairs.[8]

6. Service upon the secretary does not give the same assurance that defendant will learn of the suit as the service upon an agent.[9]

7. It is an injustice to a foreign corporation which registers not to require notice of a default judgment whereas a corporation which does not comply with the law registering would be entitled to notice.[10, 10a]

Wherefore, it is held that notice was not required pursuant to Pa. R. C. P. 2082 or Mercer County Common Pleas Rule L2082. This, however, does not in itself resolve the matter.

II. SHOULD THE JUDGMENT BE OPENED ON EQUITABLE GROUNDS?

"A long line of cases has established the principles that: (1) relief will be granted to one against whom a default judgment has been taken where a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits; and (2) an order making absolute a rule to open judg-

---

[8] This contention may be true in fact but is contrary to the certificate of authority issued by the Secretary at the request of defendant in which the defendant ". . . agrees that service of process upon the Secretary of the Commonwealth shall be of the same force and validity as if served on the corporation. . . ." To hold otherwise would be to nullify the obvious intent of the secretary in issuing authority to defendant to transact business in Pennsylvania.

[9] This contention is substantially similar to five above and is refused for the same reason.

[10] This may well be an injustice, but is not within the province of this court to correct.

[10a] Most of these same issues were presented in Reynolds Metals Co. v. Universal Trailers Corp., 60 Lanc. 177, and resolved by Brown, J., against defendant petitioner.

ment entered by default and to let defendant into a defense will be reversed on appeal only where there has been a clear manifest abuse of discretion by the Court below . . .": Wheel v. Park Building, 412 Pa. 545 (1963), at page 546.[11]

The petition in this case was presented on behalf of defendants on January 2, 1968. The default judgment was entered on December 21, 1967. About December 27, 1967, defendant first learned of the suit and the default judgment. It is not contended by plaintiff that the application was untimely.

Attention is next directed as to whether defendant has shown a defense to exist upon the merits. It appears that our courts have made a distinction between the requirements of a petition to open judgment in an assumpsit action and that in trespass.[12] Defendant's

---

[11] The Wheel case, supra, and the principles above quoted have been reaffirmed more recently in Walters v. Harleysville Mutual Casualty Co., 417 Pa. 438, at 441 (1965); Thorn v. Clearfield Borough, 420 Pa. 584, at page 585 (1966); and Kramer v. Philadelphia, 425 Pa. 472, at 475 (1967).

[12] Kuntz v. Lanbar Hotel Co., Inc., 380 Pa. 90 (1955), stated the rule at page 94: "There is no reason to require petitioners to show a defense on the merits in a trespass case before a default judgment is opened, where the equities are otherwise clear. This is, of course, required in an assumpsit action where an answer on the merits is necessary to put the case at issue". To the same effect is Sutton v. Alexander, 198 Pa. Superior Ct. 53 (1962); Scott v. McElwing, 337 Pa. 273 (1940). In Richmond v. A. F. of L. Medical Service Plan of Philadelphia, 415 Pa. 561, at page 562 (1964), a judgment was opened in a trespass action with the bald allegation that the defendant had a ". . . just and meritorious defense . . .", but failed to state its nature. The court noted that it would have been the better practice if the defense had been set forth, however. Plaintiff claims that defendant is required to allege a defense *in precise, specific, clear and unmistakable terms* as required by Kramer v. Philadelphia, supra. This case holds, at page 476, that defendant joining an additional defendant did not meet the requirements ". . . *of showing that a defense exists on the merits*". This language is much different than that contended by plaintiff as being required. (Italics supplied.)

position is that plaintiff was guilty of either contributory negligence or assumption of risk in traveling on the side of a public street where construction was under way thereby violating the "Choice of Ways Rule" or in the alternative guilty of contributory negligence or assumption of risk in falling over a barricade that should have been plainly visible to plaintiff. The court is convinced that defendant does have a meritorious defense which if believed by a jury would relieve it from liability.

The third requirement and the issue most strongly pressed by plaintiff is that defendant has failed to reasonably explain or excuse its failure to enter an appearance or file an answer within the 20 day period. The basis of plaintiff's contention is that because it was properly served in person under the Business Corporation Law, 15 PS §2011, it should be conclusively deemed to have notice of the suit. Plaintiff further reasons that once personal service or its equivalent is had upon a defendant a court cannot excuse his failure to act within the 20-day period, if the failure is due to the conduct of defendant's own employe or representative. Further, that the entire fault lies with the failure of defendant to register its office in Pennsylvania so that the Secretary of the Commonwealth could in fact deliver by mail a copy of the complaint.

The position of plaintiffs is not supported by our cases.

It has been held that a judgment was properly opened in the following situations: (1) defendant, a foreign corporation, ceased doing work in Pennsylvania, moved back out of the State and service was made on the Secretary of the Commonwealth, which never reached defendant; [13] (2) where a foreign cor-

---

[13] Britton v. Continental Mining and Smelting Corp., 366 Pa. 82 (1950).

poration registered to do business in Pennsylvania moved and then removed its office within the State without notifying the Secretary of the Commonwealth and never received actual notice of the suit;[14] (3) where a foreign insurance company was served through the insurance commissioner, the papers sent to the home office of the company out of State and there mislaid by a clerk in its own home office;[15] (4) where defendant's manager forwarded the complaint to the wrong insurance carrier;[16] (5) where the summons was served at defendant's office and had been improperly filed or mislaid by the clerk.[17]

In addition, the courts have upheld an order opening a judgment by default where the failure to enter an appearance was the fault of a third person over which defendant himself had little or no control. Examples: where a complaint was mislaid by defendant's insurance carrier;[18] or where defendant turned the pleadings over to his attorney who did nothing;[19] or the insurance carrier of defendant forwarded the pleadings to an attorney who had been elevated to the bench.[20]

Plaintiff cites many cases to support her position that the court has no discretion or at least should not exercise it in favor of defendant. The chief among her cases is Colucci v. Imperial, 414 Pa. 289 (1964). Immediately it is noted that the lower court refused to

---

[14] Esterbrook v. The Fisk Tire Co., Inc., 13 D. & C. 514 (1930).

[15] Howland v. Home Insurance Company of New York, 67 Pa. Superior Ct. 276 (1917).

[16] Wheel v. Park Building, supra.

[17] McDevitt v. Teague, 89 Pa. Superior Ct. 332 (1926).

[18] Scott v. McElwing, supra; Sockett v. Philadelphia Toilet and Laundry Company, 92 Pa. Superior Ct. 254 (1927).

[19] Bianca, Jr. v. Kaplen, 105 Pa. Superior Ct. 98 (1932).

[20] Myers v. Harrisburg Taxicab and Baggage Co., Inc., 368 Pa. 20 (1951).

open the judgment. Therefore, the appellate court was merely passing upon the exercise of discretion. In doing so it recognized, at page 291, that: "the use of this power lies in the discretion of the court below and will not be disturbed, absent a finding on our part of an abuse of discretion by the lower court". In that case service was made upon the wife of defendant within the Commonwealth. Defendant failed to appear or file an answer and judgment was taken by default as to liability. It was subsequently reduced to a money verdict by a jury. Defendant gave no explanation except that his wife apparently had never given him the papers. The court noted, however, at page 292: "It is, however, long established that absent a showing of fraud, a sheriff's return, true and regular on its face is conclusive as to service *of individuals present in Pennsylvania*". (Italics supplied.) It would appear that the court was impressed by the fact that both defendant and his wife were present in Pennsylvania and on this ground alone the case is distinguishable. Although held in this opinion that defendant is deemed to be properly served as if present in Pennsylvania, when considering the equities of a petition to open judgment the reality that defendant was not in fact present, and was, in fact, served personally must not be lost sight of. In addition, defendant in the Colucci case, *supra*, did not seek to open the judgment until a year after default. Defendant could not show lack of notice as in the present case. Defendant in the instant case did show to this court's satisfaction that it did not have actual notice of the pendency of the action or of the default judgment.

Also strongly relied upon by plaintiff is Italian Cook Oil Corporation v. Charles A. Krause Milling Company, 10 F. R. D 510 (1950), arising in the Federal District Court of the Eastern District of Pa. Plaintiff had entered a default judgment against defendant,

a New Jersey corporation, registered to do business in Pennsylvania, for the failure to file an answer within 20 days. The defense, as in the instant case, was business was no longer carried on at the address previously given by it to the Secretary of the Commonwealth and, therefore, it did not in fact receive notice of the suit. The lower court refused to open judgment. Apparently plaintiff in the instant case was not aware that the Krause Milling Company case, supra, was appealed and is known as Tozer v. Charles A. Krause Milling Company, 189 F. 2d 242 (1951).[21] The circuit court reversed stating, at page 246: "Since the relief sought by defendant was essentially equitable in nature, it is proper for the court to consider whether any prejudice will result to plaintiff if the judgment is set aside". The court enunciated the Federal philosophy as to opening judgments at page 245:

"Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments. We are of the opinion that the court below applied a standard of strictness rather than one of liberality in concluding that justice did not require that the judgment be set aside".[22]

Finally, it is contended by plaintiff that the case of Howland v. Home Insurance Company, supra, has been impliedly overruled by subsequent cases. Plaintiff relies principally upon Murphy v. Smith, 415 Pa. 512 (1964). This case does not mention the Howland

---

[21] Tozer was one of the trustees of the Italian Cook Oil Company, therefore, the difference in name on appeal.

[22] It is recognized that the philosophy of the Federal court may not be the same as applied by our Pennsylvania appellate courts and it is not accepted as such in this opinion.

case, supra. There, defendant gave to his insurance agent in November of 1962 a summons. On May 31, 1963, defendant was served with a complaint which likewise was given to the agent, who assured defendant that he would take care of it. In July defendant learned for the first time that on June 26th, plaintiff had entered a default judgment for failure of defendant to enter an appearance. Further, it appeared that defendant who was sued was in fact not an individual defendant but a corporation and that the statute of limitations would bar an action against it, if the court opened the judgment. The Supreme Court held that the court did not abuse its discretion in refusing to open the judgment. Therefore, the Murphy case, supra, is readily distinguishable from the Howland case, supra, and from the instant case and is not held to be controlling by this court.

### CONCLUSIONS OF LAW

1. Defendant was properly served in this case.

2. Neither Rule 2082 nor Mercer County Pleas Court Rule L2082 are applicable and plaintiff was not required to give notice of an intention to take a default judgment.

3. Defendant's petition to open judgment was timely filed.

4. Defendant has shown a defense upon the merits sufficient, if accepted by a jury, to defeat plaintiff's claim as to liability.

5. The equities in this case in the interest of justice require that the judgment be opened and defendant be permitted to file an answer or enter an appearance within 20 days of this order.

### ORDER

And now, April 5, 1968, it is hereby ordered and decreed that defendant's petition to open judgment is

granted. Defendant is given 20 days in which to enter an appearance or file an answer.