GARB, J.,
— We have before us for disposition a rule secured by defendant, Ozone Waste Sales Corp. (hereinafter referred to as “Ozone”) against plaintiffs herein to show cause why a judgment entered in behalf of plaintiffs and against Ozone by default should not be stricken or opened and Ozone allowed into a defense. In view of the disposition we make thereof, it will be unnecessary for us to make any determination with regard to the rule to show cause why the judgment should not be opened.
On January 27, 1967, plaintiffs herein instituted this action against Ozone and two other named individual defendants in trespass, seeking damages *359 resulting from a certain automobile accident occurring on or about June 15, 1966, in this county. The complaint asserts that Ozone is a corporation with its principal offices located in the State of New York. It is asserted that the individual defendants are both likewise residents of the State of New York. The complaint alleges that Ozone is liable to plaintiffs for the damages incurred because the motor vehicle in question was being operated in this Commonwealth on its business. On January 30, 1967, by virtue of a petition filed by plaintiffs for authority to make service upon the foreign corporation pursuant to the Non-Resident Motorist Act, an order was entered authorizing service of the complaint by the Sheriff of Bucks County by transmitting a true and attested copy of same by certified mail, postage prepaid, to the Secretary of the Commonwealth and to defendant Ozone by registered mail, return receipt requested, at its address in the State of New York. Service was ultimately so made and the return of the Sheriff of Bucks County, acknowledged on February 21, 1967, reveals that on the first day of February 1967, service was made upon Ozone by service upon the Secretary of the Commonwealth under and pursuant to Pa. R. C. P. 2079(a) and 2180(a) and (b) and also upon Ozone directly by registered mail, postage prepaid, at its New York address pursuant to the provisions of Pa. R. C. P. 2180(a) and (b). On March 30, 1967, plaintiffs did take judgment against all named defendants for failure to enter appearances or any pleadings and that- judgment against Ozone only is the subject of these proceedings. On June 29, 1967, the within rule to open or strike the judgment was entered by this court.
Simply stated, it is defendant Ozone’s contention *360 that the judgment must be stricken because of the failure of plaintiffs to comply with Pa. R. C. P. 2082. The foregoing rule provides as follows:
“No judgment shall be entered against a defendant who has not been personally served or who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or special order shall direct.”
By special rule denominated Pa. R. C. P. 2082A(a), this court has set forth the type of notice which shall be given prior to the entry of judgment by default. It is conceded by plaintiffs that no such notice as required by rule 2082*(a) was given, but that this requirement, and, therefore, this rule, does not apply where default judgment is sought against a foreign nonregistered corporation. With this contention we cannot agree and, therefore, the judgment must be stricken.
Preliminarily, we are satisfied that under the provisions of this rule, where personal service is made upon defendant, the notice required by it is no longer mandated. However, the term “personal service” as used in this rule does not include service by registered mail as permitted by the Non-Resident Motorist Act, as amended June 4, 1969, P. L. 65, sec. 1, December 17, 1969, P. L. 380, sec. 1, 75 PS §2001, et seq., and that even though defendant may have had actual notice of the complaint: Idzik v. First German Sport Club Phoenix, 392 Pa. 105 (1958), and Charles F. Luppold, Inc. v. Livingood, 196 Pa. Superior Ct. 481 (1961).
Plaintiffs contend that the rules contained in the chapter of the rules beginning with rule 2076 and continuing through 2100, which rules include rule 2082 herein in question, do not apply where defendant is a corporation, because of the chapter of the *361 rules beginning with rule 2176 and continuing through 2200. This latter chapter of the rules is concerned with corporations and similar entities as parties. It is plaintiffs’ contention that this chapter is the exclusive one dealing with corporations as parties, and inasmuch as there is no rule similar in terms to 2082 in this chapter, there is no notice requirement where default judgment is taken against a corporate defendant. While this argument may appear to have some logical appeal, we are satisfied that it must be rejected. We note initially that this section is concerned with actions both by and against corporations or similar entities and deals with such matters as venue and service of process involving corporations regardless of whether the corporation is resident in Pennsylvania or not. It is conceded that rule 2180 has to do with service of process upon corporations where they are nonresident, but this section also deals with service of process upon corporations where they are resident.
The chapter of the rules beginning with 2076 deals exclusively with defendants who are nonresidents or who conceal their whereabouts. Nowhere in this section is any distinction made as between individual or corporate defendants. Rule 2077 provides that the rules of this chapter apply to:
“(1) actions as to which the laws of this Commonwealth authorize service of process upon a nonresident, or a resident who becomes a non-resident or who conceals his whereabouts;”
The note to this rule makes specific reference to the Non-Resident Motorist Act, and we further observe that the aforesaid act specifically applies to any nonresident of the Commonwealth or one who shall subsequently become a nonresident or shall conceal his whereabouts. Thus, the operative lan *362 guage of the Non-Resident Motorist Act is exactly the same as the operative language of the rule of application of this chapter. We are, therefore, satisfied that all actions brought under the Non-Resident Motorist Act, regardless of the nature of the defendant, fall within this chapter of the rules. See Deck v. McLean Trucking Co., 11 Lebanon 268 (1966). The Non-Resident Motorist Act applies to a foreign nonresident corporation: Haddonleigh Estates, Inc. v. Spector Motor Service, Inc., 41 D. & C. 246 (Bucks County, 1941).* Inasmuch as rule 2082 falls within the chapter of the rules directed towards the application of the Non-Resident Motorist Act and considering that this chapter of the rules makes no distinction between corporate and individual nonresident defendants, we can see no logical reason for making such a distinction herein. Although Idzik v. First German Sport Club Phoenix, supra, did not decide the narrow question now before us, it makes reference with approval to Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3rd Cir., 1951), wherein the third circuit, in construing its conception of Pennsylvania law, assumes that the notice provisions of rule 2082 do apply prior to the entry of default judgment against a nonresident corporation where the action is brought under the Non-Resident Motorist Act.
We do not decide whether rule 2082 is accorded general application in all instances wherein judgment is sought by default against a nonresident corporation where substituted service has been made. See Bowser v. Clay Equipment Corp., 90 *363 Dauph. 33 (1968). We believe that Reynolds Metals Company v. Universal Trailer Corporation, 60 Lancaster 177 (1966), and Rosenfeld v. W. B. Gibson Company, 45 D. & C. 2d 9 (1968), are distinguishable inasmuch as neither were brought under the NonResident Motorist Act or the other acts specifically enumerated in the note to rule 2077(a). We hold herein merely that rule 2077(a)(1) invokes the notice requirement of rule 2082 in all actions in which substituted service is made under the Non-Resident Motorist Act regardless of whether the defendant is a nonresident corporation or individual. For the foregoing reasons, the motion to strike the judgment must be granted and, accordingly, we enter the following
ORDER
And now, to wit, January 25, 1971, defendant’s, Ozone Waste Sales Corp., rule to show cause why the judgment should not be stricken is hereby made absolute and the said defendant granted leave to enter an appearance or file an answer within 20 days of the date hereof.

 In Biel v. Herman Lowenstein, Inc., 411 Pa. 559 (1963), and Midora v. Alfieri, 341 Pa. 27 (1941), although not directly ruling on the question, the Supreme Court in both cases approves by implication the application of the Non-Resident Motorist Act to nonresident corporate defendants.